CARLTON, J.,
for the Court:
¶ 1. The issue presented in this case is whether the trial court abused its discretion in dismissing Nell Cornelius’s medical-malpractice claim with prejudice, pursuant to Mississippi Rule of Civil Procedure 41(b), for failure to prosecute. The trial court found dismissal was warranted because of a clear record of delay by Cornelius; prejudice to the defendant, Dr. Donald Benefield; and aggravating circumstances. The record shows that Cornelius repeatedly failed to cooperate with discovery requests; failed to timely disclose known witnesses, including an expert witness relevant to the factual basis of her claim; delayed in moving the case forward for fifteen months; and failed to schedule a deposition for nearly five years. Finding no abuse of discretion, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. In early 2007, Dr. Benefield recommended that Cornelius undergo cataract surgery in both eyes. According to Cornelius’s complaint, Dr. Benefield successfully performed the first surgery on her left eye. However, on February 6, 2007, a complication occurred during surgery on her right eye, resulting in a choroidal hemorrhage and detached retina. She underwent surgery with a vitreo-retinal specialist, who was able to partially correct the damage. Cornelius asserts her vision was 20/30 in her right eye prior to the cataract surgery, but she is now effectively blind in that eye.
¶ 3. On February 6, 2009, two years after the cataract surgery on her right eye, Cornelius filed a medical-malpractice action against Dr. Benefield, individually and as shareholder of Benefield Eye Care PC, in the Circuit Court of Harrison County. The following timeline, based on the chronology listed in the trial court’s judgment, *1031 sets forth the actions of record leading to the dismissal of this case:
February 6, 2007 Dr. Benefield performed cataract surgery on Cornelius’s right eye.
February 6, 2009 Cornelius filed her complaint against Dr. Benefield, alleging medical negligence for injuries sustained to her right eye.
May 28, 2009 Cornelius served Dr. Benefield with process.
June 22, 2009 Dr. Benefield filed an answer to Cornelius’s complaint.
July 24, 2009 Cornelius filed a certificate of expert consultation.
September 25, 2009 Dr. Benefield filed a “Motion to Dismiss for Failure to Comply with [Mississippi] Code [Annotated section] 15-1-36(15)[1] and Motion to Dismiss for Failure to State a Claim pursuant to Miss. R. Civ. P. 12(b)(6).”
September 30, 2009 Dr. Benefield propounded his first set of discovery.
October 15, 2009 Dr. Benefield filed a “Motion to Compel Waiver of Medical Privilege.”
December 7, 2009 Dr. Benefield filed an “Amended Motion to Dismiss for Failure to Comply with [section] 15-1-36(15).”
December 21, 2009 Dr. Benefield moved to compel discovery.
January 28, 2010 The trial court entered an order requiring Cornelius to respond to Dr. Benefield’s first set of discovery by February 9, 2010.
February 11, 2010 Cornelius responded to Dr. Benefield’s first set of discovery requests.
February 22, 2010 Dr. Benefield filed a “Motion to Dismiss for Violation of Court Order Requiring Discovery with Combined Memorandum Brief,” alleging “the Plaintiff failed to disclose a scintilla of proof supporting [her] claims.”
March 16, 2010 Cornelius filed a combined response to Dr. Benefield’s motions to dismiss.
March 25, 2010 The trial court entered an order requiring Cornelius to “fully and completely respond to [Dr. Bene-field’s] first set of discovery requests within fourteen days.”
March 29, 2010 Dr. Benefield filed a “Rebuttal [Motion] in Support of Motion to Dismiss for Failure to Comply with [section] 15-1-36(15) and Motion to Dismiss for Violation of Court Order Requiring Discovery.”
April 8, 2010 Cornelius supplemented her discovery responses.
April 21, 2010 Cornelius propounded her first set of discovery.
June 7, 2010 Dr. Benefield responded to Cornelius’s first set of discovery requests.
July 26, 2011 Co-counsel entered an appearance for .Cornelius.
November 9, 2011 Dr. Benefield filed a motion to dismiss for failure to prosecute.
November 9, 2011 Dr. Benefield filed a notice of hearing on the motion to *1032 dismiss for failure to prosecute, setting the hearing for December 8, 2011.
November 30, 2011 Cornelius filed a motion for extension of time to respond to Dr. Benefield’s motion to dismiss.
November 30, 2011 The trial court entered an order granting Cornelius an extension of time through December 1, 2011, to file a response to Dr. Bene-field’s motion to dismiss.
December 1, 2011 Cornelius filed her response to Dr. Benefield’s motion to . dismiss and moved to set a trial date.
December 1, 2011 Cornelius submitted her second supplemental responses to Dr. Benefield’s first set of discovery.
December 6, 2011 Dr. Benefield filed a reply in support of his motion to dismiss for failure to prosecute, objected to Cornelius’s counter-motion to set a trial date, and moved to strike Cornelius’s expert report.
December 7, 2011 Dr. Benefield filed a supplemental motion to dismiss for failure to prosecute and moved, in the alternative, to strike Cornelius’s newly filed expert report and affidavits.
December 8, 2011 The trial court held a hearing on Dr. Benefield’s motion to dismiss for failure to prosecute.
¶ 4. Following the December 8, 2011 hearing on Dr. Benefield’s Rule 41(b) motion, the trial court dismissed the case with prejudice, finding a clear record of delay, prejudice to Dr. Benefield, and aggravating circumstances. Cornelius appeals, asserting the trial court abused its discretion in dismissing her action when lesser sanctions would have sufficed.
STANDARD OF REVIEW
¶ 5. A trial court’s involuntary dismissal under Rule 41(b) is reviewed for abuse of discretion. Hanson v. Disotell, 106 So.3d 345, 347 (¶ 9) (Miss.2013); Am. Tel. & Tel. Co. v. Days Inn of Winona, 720 So.2d 178, 180 (¶ 12) (Miss.1998). A dismissal under Rule 41(b) is for failure of the plaintiff to prosecute or failure of the plaintiff to comply with the rules of civil procedure or any order of the court. See M.R.C.P. 41(b). The trial court’s findings of fact will be affirmed “unless the findings are manifestly wrong.” Jackson Pub. Sch. Dist. v. Head ex rel. Russell, 67 So.3d 761, 765 (¶ 10) (Miss.2011) (quoting Barry v. Reeves, 47 So.3d 689, 693 (¶ 9) (Miss.2010)).
¶ 6. Regarding the grant of dismissals for want of prosecution, the Mississippi Supreme Court has held:
The law favors trial of issues on the merits, and dismissals for want of prosecution are therefore employed reluctantly. There is no set time limit for the prosecution of an action once it has been filed, but where the record shows that a plaintiff has been guilty of dilatory or contumacious conduct, or has repeatedly disregarded the procedural directives of the court, such a dismissal is likely to be upheld.
Vosbein v. Bellias, 866 So.2d 489, 493 (¶ 6) (Miss.Ct.App.2004) (quoting Watson v. Lillard, 493 So.2d 1277, 1278 (Miss.1986)).
DISCUSSION
¶ 7. Rule 41(b) states in relevant part: “For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him.” The purpose of this rule is to provide trial judges the “inherent authority to dismiss cases ... as a means of controlling the court’s docket and ensuring expeditious justice.” Hanson, 106 So.3d at 347 (¶ 8). The following factors are considered when reviewing a Rule 41(b) dismissal: “(1) a record of dilatory or contumacious conduct by the plaintiff; and (2) a *1033 finding ... that lesser sanctions would not serve the interests of justice. Additional ‘aggravating factors’ or actual prejudice may bolster the case for dismissal, but are not requirements.” Holder v. Orange Grove Med. Specialties, P.A., 54 So.3d 192, 197 (¶ 18) (Miss.2010). We will consider each factor separately.
1. Record of Delay or Contumacious Conduct
¶ 8. “Rule 41(b) dismissals with prejudice will be affirmed only upon a showing of ‘a clear record of delay or contumacious conduct by the plaintiff[.]’” Am. Tel., 720 So.2d at 181 (¶ 13) (quoting Rogers v. Kroger Co., 669 F.2d 317, 320 (5th Cir.1982)). “What constitutes failure to prosecute depends on the facts of the particular case.” Id. at (¶ 12). Although other factors are typically present when a dismissal with prejudice is upheld, “delay alone may be sufficient[.]” Holder, 54 So.3d at 201 (¶ 34).
¶ 9. Cornelius’s complaint was filed on February 6, 2009, exactly two years after the alleged malpractice, and Cornelius served Dr. Benefield with process on May 28, 2009, near the end of the allotted 120 days. See M.R.C.P. 4(h). Dr. Benefield timely answered and later filed for discovery on September 30, 2009. After Cornelius failed to respond to discovery within thirty days, Dr. Benefield sent a good-faith letter on November 30, 2009, requesting the responses. When no responses were sent, on December 21, 2009, Dr. Benefield filed a motion to compel, and the trial court ordered Cornelius to respond to the discovery propounded by Dr. Benefield by February 9, 2010. On February 11, 2010, two days after the deadline, Cornelius filed her responses. Of the twenty-one interrogatories propounded, Cornelius answered four, only providing her name, age, date of birth, address, and social security number; her deceased spouse’s name and the date of his death; her work history (she had not worked in ten years); and some of the names of her medical providers. Cornelius produced no documents in response to the request for production of documents, which sought the production of twenty-four documents.
¶ 10. Dr. Benefield filed a motion to dismiss based on Cornelius’s untimely responses and also argued Cornelius’s delinquent responses were insufficient. The trial court denied the motion to dismiss, but the trial court agreed that the responses provided by Cornelius were insufficient. On March 25, 2010, the trial court demanded that Cornelius “fully and completely respond” within fourteen days.[2] On April 8, 2010, nearly six months after the discovery was initially requested, Cornelius supplemented her responses, but, again, provided insufficient and incomplete responses. No substantive information was given regarding the factual basis of her claim against Dr. Benefield. The supplemental responses included an expert report prepared by Dr. Noel Elgut. However, the report was a short, one-paragraph statement that failed to give a medical opinion supporting causation or Cornelius’s allegation that Dr. Benefield had breached the standard of care.
¶ 11. The next action of record was Cornelius’s untimely request for discovery. Uniform Rule of Circuit and County Court 4.04 states that “[a]ll discovery must be completed within ninety days from service of an answer by the applicable defendant.” Dr. Benefield filed his answer on June 22, *1034 2009, and Cornelius propounded discovery approximately ten months later on April 21, 2010. While Rule 4.04 allows additional time for discovery “upon written motion setting forth good cause,” no such motion was filed by Cornelius to allow her to propound discovery late. No other action of record was taken by Cornelius, with the exception of co-counsel entering an appearance fifteen months later on July 26, 2011.
¶ 12. The record then reflects that Cornelius delayed in responding to the motion to dismiss for failure to prosecute. On November 9, 2011, after receiving no communication from Cornelius since April 21, 2010, Dr. Benefield moved to dismiss the action. See M.R.C.P. 41. Uniform Rule of Circuit and County Court 4.03 allows ten days to respond to a motion to dismiss. On November 30, 2011, twenty-one days after Dr. Benefield’s motion to dismiss was filed, instead of filing a response, Cornelius submitted an untimely request for additional time to file a response. The trial court granted the motion for additional time, despite the motion’s untimeliness, giving Cornelius until December 1, 2011, to respond. On December 1, 2011, Cornelius filed her response. On this same day, three weeks after the motion to dismiss was filed, Cornelius, for the first time, provided supplemental discovery responses with detailed allegations of negligence forming the basis of her cause of action. The supplemental responses included disclosure of an expert report from a newly designated expert, Dr. Phillip C. Smith, and disclosure of affidavits of two new fact witnesses, Cornelius and her daughter. Cornelius failed to disclose this information previously in her discovery responses, despite the information being requested, and despite both her and her daughter’s knowledge of this relevant factual information about the claim since before the inception of the case.
¶ 13. Our supreme court has held “that repeated failures to comply with discovery requests warrant' dismissal with prejudice.” Holder, 54 So.3d at 198 (¶ 21); see also Beck v. Sapet, 937 So.2d 945, 949-51 (¶¶ 8-15) (Miss.2006) (case dismissed with prejudice after plaintiff violated multiple orders compelling discovery); Hillman v. Weatherly, 14 So.3d 721, 726 (¶ 19) (Miss.2009) (case dismissed after plaintiff failed to respond to “numerous requests” for discovery by defendant). Likewise, a dismissal with prejudice “is likely to be upheld” where the plaintiff is “guilty of dilatory or contumacious conduct, or has repeatedly disregarded the procedural directives of the court....” Watson, 493 So.2d at 1279 (internal citation omitted). Cornelius eventually responded to discovery, but only after a good-faith letter, two court orders, and a motion to dismiss. Even when given two deadlines to respond to discovery, Cornelius still responded late once and both times gave incomplete responses. Cornelius also took no action of record from April 21, 2010, to July 26, 2011 — a delay of fifteen months. The action taken on July 26, 2011, was not a substantive action to move the case forward but, rather, the entry of appearance by co-counsel.[3] The next action was taken on November 30, 2011, in response to Dr. Benefield’s motion to dismiss — approximately nineteen months after Cornelius filed for discovery on April 21, 2010. Cornelius argues these calculations fail to *1035 account for the time Dr. Benefield utilized in responding to discovery. She argues that after subtracting Dr. Benefield’s response time, the actual delay was twelve months. However, this argument lacks merit, as even a twelve-month delay could have subjected Cornelius to dismissal, given the court’s finding of reactionary and dilatory conduct by Cornelius. See M.R.C.P. 41(d)(1).
¶ 14. A review of precedent reflects that in Holder, the plaintiffs failed to respond to discovery despite repeated requests, and “allowed the case to languish on the docket without any activity for more than a year.” Holder, 54 So.3d at 199 (¶ 24). In upholding the dismissal for failure to prosecute, our supreme court noted that the “plaintiffs’ counsel made no attempt to move for a continuance to allow for more time to answer the defendants’ discovery requests.” Id. The supreme court further noted that “[tjhere is nothing contemptuous or contumacious about requesting continuances.” Id. (quoting Miss. Dep’t of Human Servs. v. Helton, 741 So.2d 240, 243 (¶ 13) (Miss.1999)). Like in Holder, Cornelius allowed the case to languish on the docket for over a year; she made no request for additional time to respond to discovery; and she repeatedly failed to submit timely responses. Cornelius delayed in responding to discovery from September 30, 2009, until February 11, 2010, when she provided the incomplete responses. Further, Cornelius failed to provide the supplemental responses that disclosed the basis for her medical-negligence claim until December 1, 2011 — over two years after the responses were requested.
¶ 15. Precedent reflects that when looking at the plaintiff’s activity in prosecuting a case, this Court “also may consider whether the plaintiff[’s] activity was reactionary to the defendant[’s] motion to dismiss, or whether the activity was an effort to proceed in the litigation.” Holder, 54 So.3d at 198 (¶ 22). With respect to the reactionary conduct in this case, Cornelius failed to disclose the factual basis for her suit until December 1, 2011, approximately three weeks after the motion to dismiss was filed. Also, on this day, for the first time, she moved to set a trial date. The reactionary disclosures provided in the December 1, 2011 supplemental responses included two affidavits, which were both signed on November 22, 2011— approximately two weeks after Dr. Bene-field filed the November 9, 2011 motion to dismiss. Further, while Dr. Smith’s expert report was undated, Cornelius’s counsel admitted at the December 8, 2011 hearing on the motion to dismiss that the report was prepared “two weeks ago”— that is, two weeks prior to the hearing and approximately two weeks after the motion to dismiss was filed.
¶ 16. The record shows that the trial court determined that Cornelius disclosed the factual basis of her claims and that she and her daughter were the fact witnesses only in reaction to Dr. Benefield’s motion to dismiss, instead of providing timely discovery or timely supplemental discovery. Cornelius’s November 22, 2011 affidavit states that as she awoke from anaesthesia on the day of her surgery, she “heard Dr. Benefield say that he had to call someone to assist him with the procedure he performed on [her] eye.” According to Cornelius’s daughter’s affidavit, while her mother was in surgery, Dr. Benefield came to the waiting room and explained that there were “complications with the surgery”; her “mother’s eye [had] started to bleed”; “he had trouble getting the bleeding to stop”; and “he called one of his colleagues after the bleeding startedf,] and the colleague was able to walk him through the procedure to get the bleeding *1036 under control.” Also, Cornelius’s daughter recalled that while Cornelius’s first cataract surgery on her left eye took “approximately 15 minutes,” the surgery on her right eye took four hours. Dr. Smith’s report, which referenced the two affidavits, opined that Dr. Benefield “lacked the skill, training and expertise to competently assess and perform” the procedures to correct the damage done to Cornelius’s eye during surgery. In his opinion, “had Dr. Benefield conformed to the standard of care, Mrs. Cornelius would not have suffered this harm [to her eye,] and ... under the care of a vitreo-retinal specialist, she would have more likely than not experienced a better outcome.”
¶ 17. As stated, the trial court found that the affidavits and expert report were “reactionary” to the motion to dismiss since these documents were not prepared until after the motion was filed, and that the affidavits were prepared only in an attempt to defeat Dr. Benefield’s motion to dismiss. The information provided in the affidavits by the fact witnesses and in the expert report had been available to Cornelius since the inception of the case, and Dr. Benefield had requested the relevant information since he first propounded discovery on September 30, 2009. Even if the information was not available on September 30, 2009, when it was first requested, Cornelius possessed a duty to timely supplement her responses. See URCCC 4.04. The trial court determined Cornelius intentionally delayed disclosing this relevant information until December 1, 2011 — one week before the hearing on the motion to dismiss.
¶ 18. Cornelius gives no explanation for the multiple delays in this case or the dilatory disclosure of relevant factual information in her possession about the basis of her claim. Rather, Cornelius urges this Court to consider Dr. Bene-field’s lack of effort “to move this case forward since serving his discovery responses in June[ ] 2010.” Specifically, she states that Dr. Benefield could have propounded new discovery, requested discovery supplementation, noticed a deposition, requested a deposition date from her, or provided a scheduling order. Cornelius is correct that “a defendant’s own dilatory conduct may be considered when dismissing an action.” Holder, 54 So.3d at 198 (¶ 23) (citing Salts v. Gulf Nat’l Life Ins. Co., 872 So.2d 667, 670 (¶4) (Miss.2004)). However, the test provided in American Telephone & Telegraph Co. “focuses on the plaintiffs conduct, not on the defendant’s efforts to prod a dilatory plaintiff into action.” Hillman, 14 So.3d at 727 (¶ 22) (citing Am. Tel., 720 So.2d at 181 (¶ 13)). The record shows no dilatory conduct on behalf of Dr. Benefield, and Dr. Benefield possessed no duty to prosecute Cornelius’s case for her or prod her into action. Thus, there is no merit to this assertion.
¶ 19. Rule 41(b) dismissals are determined on a case-by-case basis, as “[t]here is no set time limit on the prosecution of an action once it has been filed[.]” Am. Tel., 720 So.2d at 180 (¶ 12). However, we acknowledge the discretion given to the trial court in making the appropriate factual findings regarding the delay. Id. The record clearly shows that there were multiple instances of inexcusable delay in the prosecution of this case. Cornelius took over six months to respond to discovery, responding only after a good-faith request and two court orders. When she finally responded, she submitted incomplete discovery responses, and she violated multiple court orders by filing untimely responses. Cornelius failed to begin her own discovery until ten months after Dr. Benefield filed his answer, well beyond the ninety-day deadline set by Uniform Rule of Circuit and County Court 4.04(a). She *1037 took no action in the prosecution of her case for fifteen months after filing for discovery, and she took only the nominal action of an entry of appearance by a co-counsel. She failed to timely reply to Dr. Benefield’s motion to dismiss within ten days as required by Rule 4.03(2), and she did not move to set a trial date or disclose the basis for her medical-negligence claim until three weeks after the motion to dismiss for failure to prosecute was filed. On this basis, we find substantial evidence existed to support the trial court’s finding of a clear record of delay and contumacious conduct.
2. Lesser Sanctions
¶ 20. Next, we must consider whether a sanction lesser than dismissal would have sufficed. Hanson, 106 So.3d at 347 (¶ 9). While “delay or contumacious conduct provides a sufficient basis for a trial judge to dismiss pursuant to Rule 41(b),” the trial judge should also consider whether “a lesser sanction would ... serve the best interests of justice.” Hanson, 106 So.3d at 347 (¶ 9) (citing Holder, 54 So.3d at 198 (¶ 20)). “Lesser sanctions may include ‘fines, costs, or damages against plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings.’ ” Id. at 347-48 (¶ 9). These sanctions will not suffice if they do not cure the prejudice caused by the delay. Cox v. Cox, 976 So.2d 869, 876 (¶ 26) (Miss.2008).
¶ 21. The trial court considered lesser sanctions and determined such measures insufficient due to Cornelius’s blatant “failure to adhere to the deadlines set by the Mississippi Rules of Civil Procedure and the Uniform Circuit and County Court Rules, her failure to timely respond to discovery, her failure to timely propound discovery, [and] her failure to prosecute her ease for' at least fifteen months.... ” Cornelius acknowledged these failures before the trial court, but argued a warning or assessment of attorney’s fees and costs would suffice for Dr. Benefield’s “inconvenience.” However, the trial court found lesser sanctions would not cure the prejudice suffered by Dr. Bene-field due to the delayed and dilatory disclosure of the basis of her claim and witnesses related to her claim. The trial court found that Dr. Benefield attempted on multiple occasions to compel discovery before filing and pursuing the Rule 41(b) motion to dismiss. Due to the passage of time, the trial court reasoned that “[t]he information and memory of events surrounding this litigation have grown stale, ... especially in light of the fact that no depositions have been taken,” and this prejudice could not be cured by lesser sanctions. Cornelius delayed in disclosing this relevant information and the relevant witnesses despite her prior knowledge of such and despite prior discovery requests and court orders to respond to discovery requests. We cannot find the trial judge erred in finding lesser sanctions were not appropriate.
¶ 22. Despite the claims of Cornelius that the trial court failed to give lesser sanctions, the trial court gave multiple extensions of time and provided an “explicit warning,” which is a form of a lesser sanction. See Hanson, 106 So.3d at 348 (¶ 9). As previously discussed, after Cornelius failed to respond to initial discovery requests within thirty days, the trial court issued an order on January 28, 2010, giving Cornelius until February 9, 2010, to respond. Cornelius responded two days late on February 11, 2010, giving only partial responses. Dr. Benefield moved to dismiss the action, but the trial court overruled the motion in a March 25, 2010 order, allowing Cornelius an additional four *1038 teen days to respond. But the trial court warned:
Failure to do so will result in the Plaintiff facing further sanctions. It is further ORDERED AND ADJUDGED that should the Plaintiff fail to make full and complete disclosures as ordered ..., this matter may be called up by the Defendants for further hearing before this Court for consideration of dismissal.
Even after Dr. Benefield filed his motion to dismiss for failure to prosecute, Cornelius continued to engage in dilatory conduct by requesting an extension of time eleven days late. However, despite Cornelius’s failure to timely move for an extension of time, the trial court allowed Cornelius additional time to respond.
¶23. The trial court gave Cornelius multiple opportunities to correct her deficiencies, but she failed to do so and instead continually submitted incomplete and untimely responses. These failures prejudiced Dr. Benefield, as he was left filing multiple motions to dismiss for discovery violations and eventually filing and defending his motion to dismiss for failure to prosecute. Also, as the trial court found, no lesser sanction could be imposed for the prejudice caused by the delay in disclosing this relevant information since memories undoubtedly had faded over the nearly five-year delay. We find the record supports the finding that lesser sanctions would not have served the best interest of justice in this case, and the record reflects no abuse of discretion by the trial court in the dismissal of this case pursuant to Rule 41(b).
3. Aggravating Factors
¶ 24. Although not required, aggravating factors “may help to bolster or strengthen a defendant’s case in support of dismissal.” Holder, 54 So.3d at 199 (¶ 27). Aggravating factors may “include ‘the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct.’” Am. Tel., 720 So.2d at 181 (¶ 13) (quoting Rogers, 669 F.2d at 320). “[Prejudice may be presumed from unreasonable delay.” Holder, 54 So.3d at 199 (¶ 28) (citing Cox, 976 So.2d at 876-79 (¶¶ 23-44)).
¶ 25. The medical procedure at the basis of this suit was performed on February 6, 2007. As of November 9, 2011, when the motion to dismiss was filed, Cornelius had provided no substantive discovery answers or information as to the factual basis of her medical-negligence claim. As of December 8, 2011, when the motion to dismiss was heard, no depositions had been taken. The trial court reasoned as follows in finding the nearly five-year delay from the time of the alleged negligence was prejudicial to Dr. Benefield:
[T]here is a natural tendency for memories to fade. Lengthy litigation creates unique issues regarding evidence and witnesses’ memories. The information and memory of events surrounding this litigation have grown stale, which has resulted in prejudice to the Defendants, especially in light of the fact that no depositions have been taken.
¶ 26. The record shows that the trial court concluded Cornelius had acted delinquently and dilatorily in the disclosure of the factual basis of her claim and relevant witnesses. The trial court concluded that the delay prejudiced Dr. Benefield in the defense of this case, with faded memories and lack of ability to discover the identity of relevant witnesses. Also, the record reflect Cornelius’s conduct has shown that additional warnings or lesser sanctions than dismissal would not have been effective. Not only were there lengthy periods *1039 of inactivity, but the trial court found that Cornelius was uncooperative and dilatory in adhering to deadlines, complying with . court orders, responding to discovery, and propounding discovery. We, therefore, find no abuse of discretion by the trial court in dismissing this case in accordance with Rule 41(b).
¶ 27. THE JUDGMENT OP THE HARRISON COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
BARNES, ISHEE, ROBERTS AND FAIR, JJ., CONCUR. MAXWELL, J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION, JOINED BY ROBERTS AND FAIR, JJ. JAMES, J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION. IRVING, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY LEE, C.J., AND GRIFFIS, P.J.; JAMES, J., JOINS IN PART.

. Again, the underlying discovery requests were submitted by Dr. Benefield on September 30, 2009.

. It is significant to note that this was an addition of counsel rather than a substitution of counsel. Cornelius has been represented by the same attorney since the inception of this case. Thus, the trial court correctly found that the entry of appearance was irrelevant in the untimely prosecution of this case.