# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CA-00240-COA

**FRANCIS TUCKER**                                                                                    **APPELLANT**

**v.**

**DELTA REGIONAL MEDICAL CENTER**                                    **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 01/23/2014 |
| TRIAL JUDGE: | HON. W. ASHLEY HINES |
| COURT FROM WHICH APPEALED: | WASHINGTON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | JOSEPH S. GATLIN III |
| | WILLIAM W. FULGHAM |
| | OMAR LAMONT NELSON |
| ATTORNEYS FOR APPELLEE: | P. SCOTT PHILLIPS |
| | ANDREW FRANK TOMINELLO |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| TRIAL COURT DISPOSITION: | GRANTED MOTION TO DISMISS FOR A DISCOVERY VIOLATION |
| DISPOSITION: | AFFIRMED IN PART; REVERSED AND RENDERED IN PART - 03/29/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., BARNES AND ISHEE, JJ.**

**ISHEE, J., FOR THE COURT:**

¶1.     Frances Tucker filed suit in the Washington County Circuit Court against Delta Regional Medical Center (DRMC), claiming the hospital was liable for the wrongful death of her son, Kendrick Tucker. After many failed attempts by DRMC to obtain discovery responses from Tucker, DRMC filed a motion to dismiss the case with prejudice. The trial court set a hearing on the motion. When Tucker repeatedly failed to respond to the discovery requests and did not appear at the hearing, the trial court granted DRMC's motion. Tucker

appeals, claiming that the trial court abused its discretion when it dismissed the case with prejudice. We affirm the dismissal but reverse and render the judgment as a dismissal without prejudice.

## STATEMENT OF THE FACTS

¶2.     Following Kendrick's death, Tucker filed suit in the trial court against DRMC for wrongful death on November 2, 2012.  Thereafter, DRMC filed an answer to the suit and made several discovery requests.  When multiple discovery requests went unanswered, DRMC sent an email to Tucker's counsel on July 2, 2013, inquiring about the late discovery responses.  Tucker's counsel replied to the email stating that Tucker's responses would be produced by August 20, 2013.  Tucker's discovery responses were not submitted on the promised date.  DRMC again corresponded with Tucker's counsel demanding responses to the discovery.  Tucker's counsel never complied.  Due to the failed discovery requests, DRMC filed a motion on October 23, 2013, requesting that the trial court compel Tucker to respond to and participate in discovery.

¶3.     A hearing was set for December 16, 2013, to address the failed discovery requests. A few days before the hearing, Tucker's counsel called DRMC's counsel and asked for a continuance. DRMC's counsel agreed, and a new hearing date was set for January 21, 2014. However, Tucker and her counsel failed to appear for the hearing and did not respond to discovery requests. Hence, the trial court granted DRMC's motion to dismiss on January 24, 2014, and dismissed the action with prejudice.  Aggrieved, Tucker filed the instant appeal.

## STANDARD OF REVIEW

2

¶4.    "The standard of review this Court applies to a trial court's dismissal of an action with prejudice as a result of a discovery violation is abuse of discretion." *Beck v. Sapet*, 937 So. 2d 945, 948 (¶6) (Miss. 2006) (citing *Salts v. Gulf Nat'l Life Ins.*, 872 So. 2d 667, 670 (Miss. 2004)). In determining whether a judgment fell within the discretion of the trial court, we first ask "if the [trial] court . . . applied the correct legal standard." *City of Jackson v. Rhaly*, 95 So. 3d 602, 607 (¶10) (Miss. Ct. App. 2012) (citing *Amiker v. Drugs For Less Inc.*, 796 So. 2d 942, 948 (¶24) (Miss. 2000)). If the trial court applied the correct legal standard, "then this Court will consider whether the decision was one of several reasonable ones which could have been made." *Id.* (citation omitted).

## DISCUSSION

¶5.    Tucker argues that the trial court's dismissal with prejudice constituted an extreme punishment and was an abuse of the court's discretion. Tucker reasons that while dismissal was within the authority of the trial court, the court should have considered less severe sanctions.

¶6.    Conversely, DRMC contends that dismissal with prejudice was proper according to Rule 37 of the Mississippi Rules of Civil Procedure as well as Uniform Circuit and County Court Rule 1.03. Under Rule 37(b), sanctions may be made by the trial court when a party fails to comply with an order to provide discovery. M.R.C.P. 37(b). Furthermore, the trial court may impose sanctions for a party's failure to respond to discovery requests. M.R.C.P. 37(d). The trial court has discretion in imposing sanctions for discovery violations, and the provisions in Rule 37 "are designed to give the court great latitude" in dismissal for the

3

"orderly expedition of justice" within the court. *Rhaly,* 95 So. 3d at 607 (¶10) (citing *Amiker*, 796 So. 2d at 948 (¶24)).

¶7.     While Rule 37 clearly gives the trial court discretion to impose sanctions for discovery violations, "the Mississippi Supreme Court has established factors the court must evaluate when considering dismissal as [a] punishment." *Chambers v. Brown*, 66 So. 3d 1269, 1272 (¶12) (Miss. Ct. App. 2011); *see also Pierce v. Heritage Props. Inc.,* 688 So. 2d 1385, 1389 (Miss. 1997).  The factors to be considered when determining if the trial court's decision was proper include:

> (1) whether the discovery violation resulted from willfulness or an inability to comply; (2) whether the deterrent value of [Mississippi] Rule [of Civil Procedure] 37 could . . . have been achieved through lesser sanctions; (3) whether the other party's trial preparation [was] prejudiced; (4) whether the failure to comply [was] attributable to the party itself, or [the party's] attorney; and (5) whether the failure to comply was a consequence of simple confusion or a misunderstanding of the trial court's order.

*Young v. Merritt*, 40 So. 3d 587, 589-90 (¶10) (Miss. Ct. App. 2009) (citing *Beck*, 937 So. 2d at 946 (¶6)).  We will address each of the five factors to determine whether the trial court abused its discretion.

¶8.     First, Tucker claims there is no evidence of willfulness or an inability to comply because there was not a court order with which to comply.  Nonetheless, the supreme court noted in *Pierce* that a finding of willfulness does not necessitate the existence of a court order; rather, it can be based upon a bad-faith attempt to comply with discovery obligations. *Pierce*, 688 So. 2d at 1390 (citing *Medina v. Foundation Reserve Ins.,* 870 P.2d 125 (N.M. 1994)).  The supreme court cited *Medina* for the contention that it is not an abuse of the

4

court's discretion to impose the sanction of dismissal when a party has a "callous disregard for its responsibilities." *Id*.

¶9.  It is undisputed that Tucker and her counsel disregarded demands from opposing counsel for the discovery requests and made empty promises to produce the responses.  In sum, we find that Tucker and her counsel exhibited obvious disregard of their responsibilities.  Accordingly, Tucker's claim regarding the lack of a court order is moot and the conduct in question was undoubtedly willful.

¶10.  Second, regarding the deterrent value of Rule 37, Tucker argues that the trial court's judgment was too harsh and that a lesser sanction would have equally fulfilled Rule 37's purpose.  Tucker also asserts that dismissal with prejudice is only proper when it is used as a last resort.  The court in *Rhaly* stated: "Dismissal with prejudice is a sanction that should be imposed only in those rare instances where the conduct of a party is so egregious that no other sanction will meet the demands of justice."  *Rhaly,* 95 So. 3d at 664 (¶22) (citing *Scoggins v. Ellzey Beverages Inc.*, 743 So. 2d 990, 997 (¶26) (Miss. 1999)).

¶11.  It is clear that applicable rules and caselaw granted the trial court authority to dismiss the case due to Tucker's failure to comply with discovery requests.  However, we acknowledge that the trial court had not yet attempted any other means by which to garner the responses, including a court order.  When considering *Rhaly*, we find that lesser sanctions could have been imposed to meet both the demands of justice and the deterrent purpose of Rule 37.  We will address the appropriate sanction after concluding our analysis of the five factors.

5

¶12. The third and fifth factors are not applicable because a trial date was not set and there was not an existing court order compelling discovery.

¶13. With respect to the fourth factor, Tucker argues that her failure to comply with DRMC's discovery requests was wholly due to her attorney's neglect and not her own. That said, there is no evidence in the record supporting Tucker's argument – only her bare assertions on appeal. Hence, while we acknowledge Tucker's argument as a possibility, because it is an unsubstantiated claim, we decline to address the merits of this factor.

¶14. It is undisputed that Tucker and her counsel were directed on many occasions by opposing counsel and by the trial court to respond to DRMC's discovery requests. After months of their ignoring such mandates and offering empty promises to comply, the trial court held a hearing on the matter that Tucker and her counsel declined to attend. Tucker missed discovery deadlines, and failure to appear before the trial court resulted in numerous violations.

¶15. We cannot say that such flagrant disregard for civil procedure did not justify a strong sanction from the trial court. Furthermore, based on the applicable rules and caselaw discussed above, dismissal was within the trial court's authority. Nonetheless, we find that a dismissal with prejudice was an abuse of the trial court's discretion in this case. The lesser sanction of dismissal without prejudice adequately deters such willfully egregious behavior while also taking into account the possibility that Tucker's counsel, as opposed to Tucker individually, may have been at fault. Accordingly, we affirm the trial court's dismissal, but we reverse and render the judgment as a dismissal without prejudice.

6

¶16. **THE JUDGMENT OF THE WASHINGTON COUNTY CIRCUIT COURT DISMISSING THE APPELLEE'S MOTION IS AFFIRMED. THE DISMISSAL WITH PREJUDICE IS REVERSED AND RENDERED AS A DISMISSAL WITHOUT PREJUDICE. ALL COSTS OF THIS APPEAL ARE ASSESSED EQUALLY BETWEEN THE APPELLANT AND THE APPELLEE.**

**LEE, C.J., IRVING, P.J., BARNES, FAIR AND GREENLEE, JJ., CONCUR. CARLTON, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION, JOINED BY GRIFFIS, P.J., AND WILSON, J. JAMES, J., NOT PARTICIPATING.**

**CARLTON, J., CONCURRING IN PART AND DISSENTING IN PART:**

¶17. I concur in part and dissent in part, and I would affirm the findings and judgment of the trial court. The record reflects no abuse of discretion by the trial court, and we must therefore affirm the trial court's dismissal with prejudice. *See Cox v. Cox*, 976 So. 2d 869, 874 (¶11) (Miss. 2008). The Mississippi Supreme Court has established that on appeal, we review "a lower court's decision not to make specific findings of fact and conclusions of law on an abuse-of-discretion standard[,]" and the clear record of delay and dilatory action on the face of the record in the present case reflects no such abuse of discretion. *Id.* at (¶12). Tucker disregarded the deadlines provided by the applicable procedural rules, discovery requests, and she engaged in contumacious and dilatory conduct by skipping a scheduled court hearing. Based upon the record of both willful delay and contumacious conduct, I submit that the trial court was within its discretion to dismiss Tucker's case with prejudice. *See Cornelius v. Benefield*, 168 So. 3d 1028, 1037 (¶20) (Miss. Ct. App. 2013) (providing that where "delay or contumacious conduct provides a sufficient basis for a trial judge to dismiss pursuant to [Mississippi] Rule [of Civil Procedure] 41(b), the trial judge should also consider whether a lesser sanction would serve the best interests of justice"). Precedent and

7

applicable procedural rules clearly support the decision of the trial court.

¶18.   The Mississippi Supreme Court has provided that lesser sanctions "will not suffice if they do not cure the prejudice caused by the delay." *Id*. (citing *Cox*, 976 So. 2d at 876 (¶26)).  Furthermore, "we do not reverse trial judges who grant Rule 41(b) dismissals unless we find that, in so doing, they abused their discretion." *Hanson v. Disotell*, 106 So. 3d 345, 347 (¶9) (Miss. 2013).  The supreme court has established that "either delay or contumacious conduct provides a sufficient basis for a trial judge to dismiss pursuant to Rule 41(b), provided that the trial judge finds that a lesser sanction would not serve the best interests of justice." *Id*.  The supreme court has also held that a clear record a delay obviates the need for a showing of contumacious conduct.  *Manning v. King's Daughters Med. Ctr*., 138 So. 3d 109, 116 (¶21) (Miss. 2014); *Hensarling v. Holly*, 972 So. 2d 716, 720 (¶12) (Miss. Ct. App. 2007) (because of a clear record of delay, dismissal was proper without consideration of whether there was also contumacious conduct).  The majority opinion errs in focusing on DRMC's conduct when the law focuses instead on any dilatory conduct of the plaintiff and a clear record of delay, evidenced in the present case by Tucker's failure to respond to discovery and failure to appear at a scheduled hearing.

¶19.   In *Manning*, 138 So. 3d at 116 (¶21), the supreme court recognized its recent holding that "a plaintiff's failure to respond to discovery for approximately seventeen months supported a finding of a clear record of delay, sufficient to warrant dismissal with prejudice." (Citing *Holder v. Orange Grove Med. Specialties P.A.*, 54 So. 3d 192, 197 (¶19) (Miss. 2010)).  The *Manning* court explained that the test for clear record of delay "focuses on a

8

plaintiff's conduct, not on the defendant's efforts to prod a dilatory plaintiff into action." *Id*. The *Manning* court provided that "our [Mississippi] rules and precedent make clear that a motion to compel is not a prerequisite to a motion to dismiss when, as here, there is a total failure of a party to participate in discovery." *Id*. at 118 (¶30).[1] The supreme court distinguished then between incomplete or improper discovery responses and a complete failure to respond. *Id*. at 118-19 (¶30).

¶20.    The *Manning* court also found that in that case, the hospital's failure to file a motion to compel Manning's responses to outstanding discovery requests did not weigh in Manning's favor. *Id*. at 116 (¶21).  The supreme court's opinion explains that where a discovery response is incomplete or improper, then Mississippi Rule of Civil Procedure 37(a)(2) governs and necessitates a motion to compel. *Id.* at 119 (¶30).  However, the supreme court provided that a complete failure to respond to discovery is governed by Mississippi Rule of Civil Procedure 37(d), which allows the court, on motion, to "make such orders in regard to the failure as are just, including an order dismissing the action." *Id*. (quotation marks omitted).

¶21.    In the present case, the record shows that Tucker filed suit against DRMC on November 2, 2012, and that Tucker completely failed to respond to discovery for approximately fourteen months—from November 2, 2012, until the dismissal on January 24, 2014.  The record shows that Tucker violated the discovery deadlines established by

---

[1] *See* URCCC 4.04(a) ("All discovery must be completed within ninety days from service of an answer by the applicable defendant.  Additional discovery time may be allowed with leave of court upon written motion setting forth good cause for the extension.").

procedural rules including Uniform Circuit and County Court Rule 4.04 and Mississippi Rule of Civil Procedure 33, and the record reflects that Tucker filed no motion for an extension to respond to a discovery setting for good cause.

¶22. The record further reflects that on January 21, 2014, the trial court held a hearing on DRMC's motion to compel. The record reflects Tucker filed no reply to DRMC's motion to compel as allowed by Uniform Rule of Circuit and County Court 4.03. DRMC alleges that Tucker's counsel recommended that the hearing on the motion to compel be postponed from December 2013 until January 21, 2014, one of the dates originally tendered for the hearing. Both Tucker and her counsel failed to appear at the hearing. DRMC asserts that the trial judge instructed his court personnel to telephone Tucker's counsel to determine whether he (Tucker's counsel) intended to appear. When the calls to Tucker's counsel went unanswered, the trial judge ruled on DRMC's motion and dismissed Tucker's complaint with prejudice for her failure to respond to the propounded discovery requests, her failure to respond to the motion to compel, and her failure to attend the hearing. *See Tolliver ex rel. Wrongful Death Beneficiaries of Green v. Mladineo*, 987 So. 2d 989, 997-98 (¶23) (Miss. Ct. App. 2007); *Scoggins v. Ellzey Beverages Inc.*, 743 So. 2d 990, 997-98 (¶¶31-33) (Miss. 1999) (affirmed the trial court's order of dismissal with prejudice where the appellant's failure to comply with discovery requests was willful and the appellant provided no credible explanation for the total lack of conformity between her testimony and her medical records). The record herein therefore bolsters the trial court's dismissal with prejudice, including the extent that Tucker, not just her counsel, was personally responsible for the delay. *See Hillman v. Weatherly*, 14

So. 3d 721, 726 (¶18) (Miss. 2009); *compare In re Spencer*, 985 So. 2d 330, 342 (¶38) (Miss. 2008) (affirming a judgment of contempt for the plaintiff's failure to appear at a hearing).

¶23.    As stated, the evidence in this record shows that the trial court was within its discretion to dismiss the case with prejudice.  The record establishes a clear record of inexcusable delay due to Tucker and her counsel's failure to appear at the hearing, delay in responding to discovery requests, and failure to comply with discovery deadlines and related court procedural rules.  The face of the record reflects that the interests of justice required no lesser sanction than dismissal with prejudice due to Tucker's failure to respond to discovery and due to Tucker and her counsel's failure to appear at a scheduled court hearing on DRMC's motion to compel discovery.   The record also shows that aggravating factors were present in the form of both Tucker's and her attorney's personal responsibility for the delay.  The court hearing was scheduled for a date suggested and agreed upon by Tucker and her counsel.  Based upon the foregoing, I respectfully submit that the trial court was within its discretion in dismissing the case with prejudice.  *See Tolliver*, 987 So. 2d at 997-98 (¶23) (held that a seven-month delay of activity warranted dismissal where the appellant engaged in dilatory conduct, where a clear record of delay was shown, and where the appellant's counsel failed to appear at a mandatory docket call).

¶24.    The record clearly provides substantial support for the decision and judgment of the trial court dismissing Tucker's complaint with prejudice.  I therefore concur in part and dissent in part.

**GRIFFIS, P.J., AND WILSON, J., JOIN THIS OPINION.**

11