# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2022-CA-00334-COA

**LUCIAN F. McALPIN III**                                                    **APPELLANT**

**v.**

**ILLINOIS CENTRAL RAILROAD COMPANY**                          **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 03/03/2022 |
| TRIAL JUDGE: | HON. DAL WILLIAMSON |
| COURT FROM WHICH APPEALED: | JONES COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | JAMES MICHAEL PRIEST JR. |
| ATTORNEY FOR APPELLEE: | STEPHANIE CAMILLE REIFERS |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 10/17/2023 |
| MOTION FOR REHEARING FILED: | |

**BEFORE CARLTON, P.J., WESTBROOKS AND McCARTY, JJ.**

**WESTBROOKS, J., FOR THE COURT:**

¶1.    On March 4, 2021, Lucian F. McAlpin III filed a negligence lawsuit against Illinois Central Railroad Company (Illinois Central) alleging that while working for Illinois Central, he was exposed to cancer-causing substances resulting in his development of oropharyngeal (head and neck) cancer.  On April 19, 2021, Illinois Central answered the complaint, sent interrogatories, and requested the production of documents.  After many attempts and failures to follow court-ordered discovery requirements, the circuit court dismissed McAlpin's case with prejudice.  McAlpin appeals the circuit court's dismissal.  Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.    Illinois Central employed McAlpin as a brakeman and conductor in Mississippi,

Kentucky, and Alabama from 1973 to 1986. McAlpin did not discover that he had head and neck cancer until March 2018. He received treatment for his cancer from 2018 to 2022 at the M.D. Anderson Cancer Center in Houston, Texas.

¶3. On March 4, 2021, McAlpin filed a complaint (demanding a jury trial) against Illinois Central pursuant to the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51–60,[1] and the Locomotive Inspection Act, 49 U.S.C. §§ 20701–20703. McAlpin alleged that Illinois Central's negligence "in using known cancer causing materials in its operation" caused him to develop head and neck cancer because he had been exposed to toxic substances at the employer's place of business. McAlpin specifically alleged that he was exposed to diesel fumes, exhaust, and asbestos. McAlpin also alleged that he became exposed to the substances when he "pass[ed] locomotives," "track[ed] diesel powered equipment," and maintained "locomotive/rail car/track machinery brake shoes and insulation."

¶4. On April 19, 2021, Illinois Central filed an answer to the complaint, attaching its "First Set of Interrogatories and Requests for Production of Documents." On August 12, 2021, Illinois Central filed a motion to compel because McAlpin had not responded to its discovery requests. According to Illinois Central, the interrogatory responses were originally due in May 2021. *See* M.R.C.P. 33(b)(3) (setting deadlines).

¶5. In the August 2021 motion to compel, Illinois Central explained:

> On May 26, 2021, counsel for Defendant consulted with counsel for Plaintiff regarding the status of Plaintiff's discovery responses and agreed to an

---

[1] Pursuant to 45 U.S.C. § 56, federal courts and state courts have concurrent jurisdiction over the FELA claim. In addition, a FELA civil action must commence "within three years from the day the cause of action accrued." *Id*.

extension of time. On July 6, 2021, counsel for Defendant consulted with counsel for Plaintiff and indicated that if responses were not served by July 13, 2021, Defendant would be forced to file a motion to compel. Upon request for additional time from Plaintiff's counsel, Defendant agreed to an additional week, until July 21, 2021, for Plaintiff to serve responses. To date, Plaintiff has not responded to Defendant's discovery requests.

Illinois Central requested that the circuit court order McAlpin's counsel to provide discovery responses within fourteen days.

¶6. On September 7, 2021, the circuit court entered a "Consent Order on Defendant's Motion to Compel." In the consent order, the parties agreed that McAlpin would have fourteen days from September 7, 2021, to respond to Illinois Central's discovery requests. Again, McAlpin did not meet this discovery deadline.

¶7. On October 11, 2021, McAlpin's counsel moved for an additional fourteen days to comply with the consent order. McAlpin's Mississippi counsel alleged that additional time was needed because McAlpin's two Pennsylvania attorneys, who were the lead counselors in his case, had left their firm. McAlpin's Mississippi counsel asserted that their leaving resulted in the passing over of McAlpin's case to another attorney in that same firm that had not received *pro hac vice* status.

¶8. On October 21, 2021, Illinois Central requested that the circuit court deny McAlpin's motion for additional time because (1) Illinois Central had already given McAlpin additional time before the consent order, (2) McAlpin had agreed to comply with the consent order's deadline and failed to do so, and (3) Illinois Central had already consented to two *additional* extensions since the consent order. Illinois Central alleged that it was suffering continual prejudice by having to defend against a suit but "unable to ascertain additional details

3

regarding [McAlpin's] allegations." Illinois Central requested dismissal because of McAlpin's substantial failures to comply.

¶9. On October 27, 2021, the circuit court entered an order granting McAlpin's Mississippi counsel "one final extension of time within which to comply with the Consent Order," stating that McAlpin had until November 1, 2021, to submit discovery responses.

¶10. On November 2, 2021, Illinois Central moved to dismiss the case with prejudice, asserting that it had not received any discovery response from McAlpin since it was requested in April 2021. On November 11, 2021 (ten days after the November 1st deadline), McAlpin's Mississippi counsel attempted to comply with the order by providing Illinois Central with discovery responses. On November 12, 2021, McAlpin's Mississippi counsel filed a response to Illinois Central's motion to dismiss. McAlpin's Mississippi counsel argued that the action should not be dismissed because he had cured the discovery violation by providing responses after the deadline and because dismissal with prejudice was a "drastic sanction" that was "reserve[d] for the most egregious discovery violations."

¶11. In the response, McAlpin's Mississippi counsel attempted to show the absence of bad faith by acknowledging that he had already requested an extension once before due to coordinating issues happening between him and McAlpin's Pennsylvania lawyers. He further stated that because responses had since been submitted, dismissal would be inappropriate. McAlpin's Mississippi counsel submitted that a lesser sanction of an award of attorney's fees would be more appropriate.

¶12. On November 18, 2021, Illinois Central filed a rebuttal regarding its motion to

4

dismiss. After receiving McAlpin's discovery responses, Illinois Central alleged that the responses were incomplete and, therefore, in violation of the circuit court's order. Illinois Central asserted that McAlpin's responses did not provide it with "an ability to meaningfully investigate" the toxic tort claim. Illinois Central further supported the motion to dismiss by stating that McAlpin did not yet have *any* expert retained in the matter and provided boilerplate answers to questions relating to "locations, frequency, duration, amount or quantity of his alleged exposures."

¶13. On December 6, 2021, the circuit court held a hearing on the motion to dismiss. At the hearing, Illinois Central's counsel informed the court that the responses provided appeared to be copied and pasted from McAlpin's complaint. In response, McAlpin's Mississippi counsel again attributed responsibility to an "out-of-state" law firm working on the case. The circuit court stated that because McAlpin's Mississippi lawyer was "counsel of record," he bore the responsibility of following through with discovery deadlines. The circuit court, while looking at the untimely responses that had been given, stated that the responses were "woefully inadequate" and seemingly "spur of the moment." The circuit court warned McAlpin's Mississippi counsel that it would dismiss the case if there was not "a serious effort on the part of [McAlpin's] attorneys to move th[e] case forward."

¶14. The circuit court ordered McAlpin to submit "complete and meaningful discovery responses" within thirty days of December 6, 2021. The circuit court also issued monetary sanctions against McAlpin in the amount of $2,500—a lesser sanction than dismissal with prejudice.

5

¶15.   On January 3, 2022, the circuit court entered the parties' agreed scheduling order, which gave McAlpin until January 5, 2022, to provide complete and meaningful interrogatory responses and until July 3, 2022, to designate his expert witnesses.

¶16.   On January 5, 2022—the day the discovery responses were due—McAlpin's Mississippi counsel moved to amend the circuit court's scheduling order. In the motion to amend, McAlpin's Mississippi counsel requested an additional thirty days or until July 3, 2022 (the expert witness deadline) to submit his discovery responses. McAlpin claimed that he needed additional time to submit discovery responses to establish the causation elements of the negligence claim through expert opinion. McAlpin's Mississippi counsel said that he needed more time to secure expert opinions and to retrieve medical documentation.

¶17.   On January 7, 2022, Illinois Central submitted its second motion to dismiss with prejudice. On February 27, 2022, McAlpin's Mississippi counsel responded to the second motion to dismiss, stating that the court should deny the motion for the reasons given in McAlpin's motion to amend. On February 28, 2022, the circuit court held a hearing on the second motion to dismiss. The circuit court was astonished that since the litigation had begun nearly a year ago, McAlpin was no closer to providing information on causation or to deciding who would provide that evidence. The court noted that as of February 28, 2022, McAlpin had not retained *any* expert and yet had repetitively responded to the interrogatories by stating that "the plaintiff's retained experts will respond to that." The circuit court judge emphasized:

> I [do] [not] think I would have dared gone to a hearing without some supplemental interrogatories on causation after I had already been told three

6

times to produce it.

¶18. On March 3, 2022, the circuit court granted Illinois Central's second motion to dismiss McAlpin's claim with prejudice because of his attorney's failure to comply with three separate discovery orders issued by the circuit court pursuant to Mississippi Rules of Civil Procedure 37 and 41(b). McAlpin appeals the circuit court's ruling.

## STANDARD OF REVIEW

¶19. "A trial court's involuntary dismissal under Rule 41(b) is reviewed for abuse of discretion." *Cornelius v. Benefield*, 168 So. 3d 1028, 1032 (¶5) (Miss. Ct. App. 2013). "The trial court's findings of fact will be affirmed 'unless the findings are manifestly wrong.'" *Id.* (quoting *Barry v. Reeves*, 47 So. 3d 689, 693 (¶9) (Miss. 2010)). "Trial courts have considerable discretion in discovery matters, and their decisions will not be overturned unless there is an abuse of discretion." *Beck v. Sapet*, 937 So. 2d 945, 948 (¶6) (Miss. 2006).

## DISCUSSION

¶20. McAlpin raises two issues on appeal. McAlpin's first argument is that the trial court abused its discretion by not granting him additional time to comply with the circuit court order filed on January 3, 2022. McAlpin's second argument is that the trial court abused its discretion by dismissing the case with prejudice.

### I. Denial of Additional Time

¶21. McAlpin argues that the circuit court abused its discretion by denying his motion for additional time to comply with the scheduling order because his answers to the interrogatories required expert testimony, and the deadline for a designation of experts was

7

not until July 3, 2022—six months after the January 5, 2022 discovery-response deadline.

¶22.     As we have stated previously, "[t]he control of discovery is a matter committed to the sound discretion of the trial judge." *Morton v. City of Shelby*, 984 So. 2d 323, 342 (¶46) (Miss. Ct. App. 2007).  The circuit judge informed McAlpin's Mississippi counsel in the consent order that he was giving "one final extension of time" for McAlpin to comply with the discovery order.  Thereafter, McAlpin inadequately responded to Illinois Central's discovery requests and the circuit court provided McAlpin with an additional thirty days to meaningfully comply.  McAlpin's Mississippi counsel waited until the day that the meaningful discovery responses were due to file a motion to amend the scheduling order.  During the hearing, McAlpin's counsel claimed that he moved for the court to change the discovery-response deadline to the same date as the expert-witness deadline because the deposition of expert witnesses was necessary for McAlpin to meaningfully answer the interrogatories.  Partly because a year had passed without McAlpin designating any expert, the circuit court denied the motion and dismissed the case with prejudice.

¶23.     The circuit court did not err by denying the motion to amend the parties' agreed to scheduling order.  McAlpin's counsel filed a motion to amend the scheduling order to give himself more time to respond to discovery.  But prior to McAlpin's motion, the circuit court had explained to McAlpin's counsel that there would be no more extensions.  Considering these circumstances, in addition to the fact that McAlpin did not file his motion for additional time until the time to comply with the thirty-day extension had arrived, we hold that the circuit court did not abuse its discretion by denying McAlpin's motion for additional time.

*See In re Dissolution of Marriage of Profilet*, 826 So. 2d 91, 94 (¶7) (Miss. 2002) (motion for continuance filed three days before the set hearing date).

## II. Dismissal with Prejudice

¶24. In this case, the circuit court granted Illinois Central's motion to dismiss under the legal standard provided in *Beck*, 937 So. 2d at 948 (¶6), and determined that dismissal with prejudice was the proper remedy for McAlpin's violation of three separate court orders. McAlpin argues on appeal that the circuit court abused its discretion by dismissing the case with prejudice based on his failure to comply with the court's orders because answering the interrogatories required expert opinions and medical documentation that he did not have.

¶25. The Mississippi Supreme Court has held that

> [t]he law favors trial of issues on the merits, and dismissals for want of prosecution are therefore employed reluctantly. There is no set time limit for the prosecution of an action once it has been filed, *but where the record shows that a plaintiff has been guilty of dilatory or contumacious conduct, or has repeatedly disregarded the procedural directives of the court, such a dismissal is likely to be upheld*.

*Cornelius*, 168 So. 3d at 1032 (¶6) (emphasis added).

¶26. As a matter of principle, the "failure to make or cooperate in discovery should first be resolved by making a motion in the proper court requesting an order compelling such discovery." *Beck*, 937 So. 2d at 949 (¶7). But "[i]f the party fails to comply with this first order to compel, the trial judge may then sanction that party in accordance with [Rule] 37(b), which includes dismissing the case with prejudice." *Id*.

¶27. On review of the trial court's order, our appellate courts will consider the following:

(1) whether the discovery violation resulted from willfulness or an inability to

9

comply; (2) whether the deterrent value of Rule 37 could not have been achieved through lesser sanctions; (3) whether the other party's trial preparation has been prejudiced; (4) whether the failure to comply is attributable to the party itself, or their attorney; and (5) whether the failure to comply was a consequence of simple confusion or a misunderstanding of the trial court's order.

*Pierce v. Heritage Props. Inc.*, 688 So. 2d 1385, 1389 (Miss. 1997); *accord Beck*, 937 So. 2d at 948 (¶6). Our Supreme Court applied this test in *Beck*, 937 So. 2d at 949-51 (¶¶8-14). Thus, we find our Supreme Court's decision in *Beck* instructive.

¶28.    In *Beck*, the plaintiffs John Beck and Kim Beck repeatedly failed to comply with court-ordered discovery responses. Two months after the Becks filed their complaint, the defendant sent his first set of interrogatories and requests for the production of documents. *Id*. at 947 (¶5). Time passed with no response from the Becks, so the defendant filed a motion to compel. *Id*. The court granted the defendant's motion to compel and required the Becks to respond in fifteen days. *Id*. The deadline passed, and the defendant threatened to file a motion to dismiss. *Id*. In response, the Becks sent unsigned draft responses to the discovery requests. *Id*. The defendant requested supplemental responses that he did not receive. *Id*. Thus, the defendant filed a motion to dismiss. *Id*. The Becks then provided allegedly incomplete discovery responses, so the defendant filed a second motion to compel. *Id*. The second court order granted the motion to compel and ordered the Becks to supplement and further respond within ten days of entry of the order. *Id*. On the tenth day, the Becks filed a motion for reconsideration with the circuit court without sending supplemental responses. *Id*. After a hearing, the circuit court dismissed the case with prejudice.

¶29.    The Supreme Court concluded that the Becks had violated two of the circuit court's orders and had not provided sufficient reasons for "waiting until the tenth day to file" a motion for reconsideration. *Id*. at 949 (¶10). The Supreme Court noted that the "filing of a motion is not a release from a trial court's order unless the motion is heard and a decision is made." *Id*. at (¶11). The Supreme Court reasoned that "some effort should have been made to supplement discovery and deliver responses to [the defendant's] counsel within ten days . . . ." *Id*. at (¶12). Based on the facts presented, the Supreme Court held that the trial court did not abuse its discretion. *Id*. at 951 (¶15).

¶30.    Similarly, the record here shows that McAlpin "repeatedly disregarded the procedural directives" of the circuit judge. *Id*. The first court order, the consent order, obligated McAlpin to provide discovery responses within fourteen days of September 7, 2021. McAlpin did not comply.

¶31.    On October 7, 2021, the circuit court granted McAlpin (second court order) "one final extension of time within which to comply with the consent order of September 7, 2021." The circuit court extended the deadline to November 1, 2021, but McAlpin did not comply with this second court order either.

¶32.    On November 2, 2021, Illinois filed a motion to dismiss the case with prejudice. On November 12, 2021, in an attempt to cure the violation of the court's orders, McAlpin submitted his first discovery responses to Illinois Central. At the December 6, 2021 hearing on the motion to dismiss, the circuit judge determined that the submitted responses were wholly inadequate. Thus, the circuit judge gave McAlpin's Mississippi counsel a third

11

opportunity to submit adequate supplemental responses by January 5, 2022. McAlpin did not comply. He did not submit supplemental discovery responses as ordered. Illinois Central again moved to dismiss the action.

¶33. At the hearing on the second motion to dismiss, the circuit judge read aloud McAlpin's responses to the interrogatories. Afterward, the circuit judge determined that McAlpin repeatedly responded to a number of the questions with the statement, "[T]he experts will tell you that." McAlpin made the same argument at this hearing that he makes on appeal: that he could not properly answer the interrogatories because he did not have an expert's deposition testimony. But when McAlpin made this argument at the hearing, the circuit judge was not persuaded. The circuit judge emphasized that McAlpin did not have any experts. The circuit judge found it to be "egregious" for a litigant to file suit against a defendant, let a year pass in that litigation, and yet not "supply any information about the basic elements of the case." Accordingly, we conclude that the circuit judge did not abuse his discretion.

¶34. Taking *Beck* into consideration, we find that McAlpin did not provide any indication that another extension of the deadline would have led to compliance with the discovery orders. After a year of litigation, McAlpin's counsel still failed to comply with the third discovery order. The circuit court ordered McAlpin to provide "meaningful" responses, but McAlpin responded to multiple questions by stating, "[T]he plaintiff's retained experts will respond to that." It was in the circuit court's discretion to treat these responses, after a year of litigation, as a failure to respond. *See* M.R.C.P. 37(a)(3) ("[A]n evasive or incomplete

12

answer is to be treated as a failure to answer."). Second, there is also no indication or argument made that McAlpin's Mississippi counsel did not understand the circuit judge's order. McAlpin's counsel chose not to comply with the circuit court's order, not once, not twice, but three times. McAlpin's Mississippi counsel's actions depict a repetitive disregard for the procedural directives of the circuit court. Third, the circuit court had already shown leniency by denying the first motion to dismiss, warning him, and ordering lesser sanctions of $2,500. Given that the circuit court did not resort to dismissing the case without first allowing McAlpin an opportunity to cure answers and produce discovery, the circuit court's order is affirmed.

¶35. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**