CARLTON, J.,
concurring in part and dissenting in part:
¶17. I concur in part and dissent in part, and I would affirm the findings and judgment of the trial court. The récord reflects no abuse of discretion by the trial court, and we must therefore affirm the trial court’s dismissal with prejudice. See Cox v. Cox, 976 So.2d 869, 874 (¶ 11) (Miss.2008). The' Mississippi Supreme Court has established that on appeal, we review “a lower court’s decision not to make specific findings of fact and conclusions of law on an abuse-of-discretion standard!,]” and the clear record of delay and dilatory ac *695 tion on the face of the record in the present case reflects no-such abuse of discretion. Id. at (¶ 12). Tucker disregarded the deadlines provided by the applicable procedural rules, discovery requests, and she engaged in contumacious and dilatory conduct by skipping a scheduled court hearing. Based upon the record of both ■willful delay and contumacious conduct, I submit that the trial court was within its discretion to dismiss Tucker’s -case with prejudice. See Cornelius v. Benefield, 168 So.3d 1028, 1037 (¶ 20) (Miss.Ct.App.2013) (providing that where “delay or contumacious conduct provides a sufficient basis for a trial judge to dismiss pursuant to [Mississippi] Rule [of Civil Procedure] 41(b),' the trial judge should also consider whether a lesser sanction would serve the best interests of justice”). Precedent and applicable procedural rules clearly support the decision of the trial court.
¶ 18. The Mississippi Supreme Court has provided that lesser sanctions “will not suffice if they do not cure the prejudice caused by the delay." Id. (citing Cox, 976 So.2d at 876 (¶ 26)). Furthermore, “we do not reverse trial judges who grant Rule 41(b) dismissals unless we find' that, in so doing, they abused their discretion.” Hanson v. Disotell, 106 So.3d 346, 347 (¶ 9) (Miss.2013). The supreme court has established that “either delay or contumacious conduct provides a'sufficient basis for a trial, judge to dismiss pursuant to Rule 41(b)', provided that the trial, judge finds that a lesser sanction would not serve the best interests of justice.” Id. The supreme court has also held that a clear record a delay obviates the need for a showing of contumacious conduct. Manning v. King’s Daughters Med. Ctr., 138 So.3d 109, 116 (¶ 21) (Miss.2014); Hensarling v. Holly, 972 So.2d 716, 720 (¶12) (Miss.Ct.App.2007) (because of a clear record of delay, dismissal was proper without consideration of whether there was also contumacious conduct). The majority opinion errs in focusing on DRMC’s conduct when the law focuses instead on any dilatory conduct of the plaintiff and a clear record of delay, evidenced in the present case by Tucker’s .failure to respond to discovery and failure to appear at a scheduled hearing.
¶ 19. In Manning, 138 So.3d at 116 (¶21), the supreme court recognized its recent holding that “a plaintiffs failure .to respond to discovery for approximately seventeen months supported a finding of a clear record of delay, sufficient to warrant dismissal with prejudice.” (Citing Holder v. Orange Grove Med. Specialties, P.A., 54 So.3d. 192, 197 (¶19) (Miss.2010)). The Manning court explained that the test for, clear record of delay “focuses on a plaintiffs conduct, not on the defendant’s efforts to prod a dilatory plaintiff into action.” Id. The Manning court provided that" “our [Mississippi] rules and precedent make clear that a motion to compel is not a prerequisite to a motion to dismiss when, as here, there is a total failure of a party to participate in discovery.” Id. at 118 (¶ 30).[1] The supreme court distinguished then between incomplete or improper discovery responses and a complete failure to respond. Id. at 118-19 (¶ 30).
¶20. ■ The Manning court also found that in that case, the hospital’s failure to file a motion to compel Mannings responses to outstanding discovery requests did not weigh in Manning’s favor. Id. at 116 (if 21). The supreme court’s opinion explains that where a discovery response is incomplete or improper, then Mississippi *696 Rule of Civil Procedure 37(a)(2) governs and necessitates a motion to compel. Id. at 119 (¶ 30). However, the supreme court provided that a complete failure to respond to discovery is governed by Mississippi Rule of Civil Procedure 37(d), which allows the court, on motion, to “make such orders in regard to the failure as are just, including an order dismissing the action.” Id. (quotation marks omitted).
¶21. In the present case, the record shows that Tucker filed suit against DRMC on November 2, 2012, and that Tucker completely failed to respond to discovery for approximately fourteen months — from November 2, 2012; until the dismissal on January 24,2014. The record shows that Tucker violated the discovery deadlines established by procedural rules including Uniform Circuit and County Court Rule 4.04 and Mississippi Rule of Civil Procedure 33, and the record reflects that Tucker filed no motion for an extension to respond to a discovery setting for good cause.
¶22. The record further reflects that on January 21, 2014, the trial court held a hearing on DRMC’s motion to compel. The record reflects Tucker filed no reply to DRMC’s motion to compel as allowed by Uniform Rule of Circuit and County Court 4.03. DRMC alleges that Tucker’s counsel recommended that the hearing on the motion to compel be postponed from December 2013 until January 21, 2014, one of the dates originally tendered for the hearing. Both Tucker and her counsel failed to appear at the hearing. DRMC asserts that the trial judge instructed his court personnel to telephone Tucker’s counsel to' determine whether he (Tucker’s counsel) intended to appear. When the calls' to Tucker’s counsel went unanswered, the trial judge ruled on DRMC’s motion and dismissed Tucker’s complaint with prejudice for her failure to respond to the propounded discovery requests, her failure to respond to the motion to compel, and her failure to attend the hearing; See Tolliver ex rel. Wrongful Death Beneficiaries of Green v. Mladineo, 987 So.2d 989, 997-98 (¶ 23) (Miss.Ct.App.2007); Scoggins v. Ellzey Beverages, Inc., 743 So.2d 990, 997-98 (¶¶ 31-33) (Miss.1999) (affirmed the trial court’s order of dismissal with prejudice where- the appellant’s failure to comply with discovery requests was willful and the appellant provided no credible explanation for the total lack of conformity between her testimony and her medical records). The record herein therefore bolsters the trial court’s dismissal with prejudice, including the extent that Tucker, not just her counsel, was personally responsible for the delay. See Hillman v. Weatherly, 14 So.3d 721, 726 (¶ 18) (Miss.2009); compare In re Spencer, 985 So.2d 330, 342 (¶ 38) (Miss.2008) (affirming a judgment of contempt for the plaintiffs failure to appear at a hearing).
¶23, As stated, the evidence in this record shows that the trial court was within its discretion to dismiss .the case with prejudice. The record establishes a clear record of inexcusable delay due to Tucker and her counsel’s failure to appear at the hearing, delay in responding to discovery requests, and failure to comply with discovery deadlines and related court procedural rules. The face of the record reflects that the interests of justice required no lesser sanction than dismissal with prejudice due to Tucker’s failure to respond to discovery and due to Tucker and her counsel’s failure to appear at a scheduled court hearing on DRMC’s motion to compel discovery. The record also shows that aggravating factors were present in the form of both Tucker’s and her attorney’s personal responsibility for the delay.' The court hearing was scheduled for a date suggested and agreed upon by Tucker and her counsel. Based upon the foregoing, I re *697 spectfully submit that the trial' court was within its discretion in dismissing the case with prejudice. See Tolliver, 987 So.2d at 997-98 (¶ 28) (held that a seven-month delay of activity warranted dismissal where the appellant engaged in dilatory conduct, where a clear record of delay was shown, and-where the appellant’s counsel failed to appear at a mandatory docket call).
¶-24. The record clearly provides substantial support for the decision and judgment of the trial court dismissing Tucker’s complaint with prejudice. I therefore concur in part and dissent in part.
GRIFFIS, P.J., AND WILSON, J., JOIN THIS OPINION.

. See URCCC 4.04(a) (“All discovery must be completed within ninety days from service of an answer by the applicable defendant. Additional discovery tíme may be allowed with leave of court upon written motion setting forth good cause for the extension.”).