## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-01144-COA

**ESTATE OF PATAELAIN PAULK**                          **APPELLANT**

**v.**

**DR. ROGER T. LOTT A/K/A DR. ROGER**              **APPELLEES**
**THOMAS LOTT, DOCTORS CLINIC AND**
**PERRY COUNTY GENERAL HOSPITAL, LLC**

| | |
|---|---|
| DATE OF JUDGMENT: | 06/22/2015 |
| TRIAL JUDGE: | HON. ROBERT B. HELFRICH |
| COURT FROM WHICH APPEALED: | PERRY COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ANNIE L. AMOS |
| ATTORNEYS FOR APPELLEES: | RICHARD O. BURSON |
| | SHIRLEY M. MOORE |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| TRIAL COURT DISPOSITION: | COMPLAINT DISMISSED FOR WANT OF PROSECUTION |
| DISPOSITION: | AFFIRMED - 01/31/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**WILSON, J., FOR THE COURT:**

¶1.     This medical malpractice case was filed in November 2012.  In April 2015, the clerk and the defendants moved to dismiss for failure to prosecute.  There had been no action in the case since the defendants filed their answer two years earlier.  No response was filed to either motion to dismiss, and the circuit court dismissed the case for failure to prosecute.  The circuit court did not abuse its discretion, so we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     The complaint filed in this case alleges the following: On November 23, 2010,

Pataelain Paulk was a patient at Perry County General Hospital. Dr. Roger Lott and/or some agent(s) or employee(s) of the hospital "administered" Coumadin, a prescription medicine, to Paulk in tablet form. The tablet was still in a blister pack (i.e., packaging) when it was "administered" to Paulk. Paulk ingested the blister pack, which "lodged in her throat." Paulk had to undergo surgery and experienced pain and suffering as a result.

¶3. On November 21, 2012, Paulk filed a medical malpractice complaint in the Perry County Circuit Court. The complaint named Lott, the hospital, and the Doctors Clinic as defendants. Paulk was represented by counsel. The defendants were served on March 14, 2013, and filed an answer on April 12, 2013.

¶4. There was no further action in the case until April 8, 2015, when the circuit clerk filed a motion to dismiss the case for failure to prosecute. On April 13, 2015, the defendants also moved to dismiss for failure to prosecute. The defendants' motion stated that they had served discovery requests with their answer two years earlier but Paulk never provided responses.[1] Paulk did not respond to either motion. The docket reflects four subsequent hearing notices, and apparently a hearing was held, but it was not transcribed and made a part

---

[1] The circuit court docket sheet is consistent with this statement. It reflects that a notice of service of discovery was filed on the same day as the defendants' answer, but there is no indication on the docket that Paulk ever served responses. "[U]nless ordered by the court, discovery papers need not be filed until used with respect to any proceeding. M.R.C.P. 5(d). Thus, "common practice before many Mississippi trial courts is to simply file a notice of service of discovery or discovery responses with the clerk, rather than filing discovery." 1 Jeffrey Jackson, *Mississippi Civil Procedure* § 11:15 (2016); *see also McIntosh v. Victoria Corp.*, 877 So. 2d 519, 524 (¶¶17-18) (Miss. Ct. App. 2004).

of the record on appeal.[2]  On June 22, 2015, the circuit court granted the defendants' motion

to dismiss for failure to prosecute pursuant to Mississippi Rule of Civil Procedure 41(b).

¶5.     On July 22, 2015, new counsel entered an appearance for Paulk and filed a notice of

appeal.[3]  On November 12, 2015, the defendants filed a suggestion of death in this Court,

which stated that Paulk had died on or about February 3, 2014.  On November 30, 2015,

counsel for Paulk filed a motion to substitute Paulk's estate as the plaintiff/appellant, which

the Mississippi Supreme Court granted on January 7, 2016.[4]  The estate's opening brief states

that "[t]here is no allegation that [Paulk's] death was related to the underlying cause of

action."

## DISCUSSION

¶6.     Mississippi Rule of Civil Procedure 41(b) authorizes a court to dismiss an action

"[f]or failure of the plaintiff to prosecute."  "The power to dismiss for failure to prosecute

is granted not only by Rule 41(b), but is part of a trial court's inherent authority and is

---

[2] The appendix to the defendants' appellate brief includes correspondence indicating Paulk's attorney received notice of the hearing and that the hearing was rescheduled at least once at his request.  We do not rely on these documents, as they are not a part of the circuit court record or the record on appeal, and they are not necessary to our decision.

[3] The appendix to the defendants' appellate brief includes a January 18, 2011 letter that this attorney sent to the hospital regarding Paulk's claim.  Thus, although she did not enter her appearance as counsel of record until July 2015, it does not appear that she was entirely new to the case.  As with the other correspondence in the defendants' appendix, this document is not part of the record on appeal, and we do not rely on it.

[4] For simplicity, we refer to the plaintiff/appellant as "Paulk" except when referencing the estate specifically.

necessary for the orderly expedition of justice and the court's control of its own docket." *Cox v. Cox*, 976 So. 2d 869, 874 (¶13) (Miss. 2008) (quotation marks omitted). "Because the law favors a trial of the issues on the merits, a dismissal for lack of prosecution is employed reluctantly." *Holder v. Orange Grove Med. Specialties P.A.*, 54 So. 3d 192, 196 (¶16) (Miss. 2010) (quoting *Miss. Dep't of Human Servs. v. Guidry*, 830 So. 2d 628, 632 (¶13) (Miss. 2002)). However, "this Court may uphold a Rule 41(b) dismissal when there is: (1) a record of dilatory or contumacious conduct by the plaintiff; and (2) a finding by this Court that lesser sanctions would not serve the interests of justice." *Id.* at 197 (¶18). Moreover, our standard of review is abuse-of-discretion; therefore, on appeal from an order dismissing a case for failure to prosecute, "we must affirm the trial judge unless we find that he abused his discretion." *Hanson v. Disotell*, 106 So. 3d 345, 348 (¶13) (Miss. 2013) (emphasizing that we cannot reverse simply because "a reasonable trial judge very well might have denied the defendants' motion to dismiss").

¶7.     Our Supreme Court has emphasized that the threshold question "is whether there is 'a clear record of delay *or* contumacious conduct by the plaintiff[.]'" *Holder*, 54 So. 3d at 198 (¶20) (quoting *Cox*, 976 So. 2d at 875 (¶17)). Thus, "'[d]elay *alone* may suffice' for a dismissal under Rule 41(b). 'Factors other than delay are not required.'" *Id.* (citation omitted) (quoting *Cox*, 976 So. 2d at 875 (¶18)). The trial court and this Court may also consider "aggravating factors" such as "the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, the degree of prejudice to the

defendant, and whether the delay was the result of intentional conduct." *State ex rel. Hood v. Louisville Tire Ctr. Inc.*, 204 So. 3d 1250, 1256 (¶16) (Miss. 2016) (quoting *AT&T v. Days Inn of Winona*, 720 So. 2d 178, 181 (¶13) (Miss. 1998)). "The presence of an aggravating factor may serve to bolster or strengthen the case for a dismissal . . . ." *Holder*, 54 So. 3d at 200 (¶31). However, neither "contumacious conduct" nor an "aggravating factor" is required to support a Rule 41(b) dismissal. *Louisville Tire Ctr.*, 204 So. 3d at 1254 n.2 & (¶9).

¶8.     We have no difficulty concluding that there is a clear record of delay in this case. No action was taken to prosecute the case after the complaint was filed in November 2012 until the case was dismissed for failure to prosecute thirty-one months later. Paulk did not respond to the defendants' discovery requests, conduct any discovery of her own, respond to motions to dismiss the case, or even appear for the hearing on the defendants' motion. The Supreme Court has deemed comparable delays sufficient to establish a "clear record of delay." *See, e.g.*, *Louisville Tire Ctr.*, 204 So. 3d at 1254 (¶11) (noting that the plaintiff "neither filed nor pursued anything for approximately three years"); *Manning v. King's Daughters Med. Ctr.*, 138 So. 3d 109, 116 (¶21) (Miss. 2014) (finding that the plaintiff "fail[ed] to take any action in her case for two years after filing suit"); *Hanson*, 106 So. 3d at 348 (¶12) (finding that the plaintiff "fail[ed] to take any action of record for four years"). Moreover, the Supreme Court has held that a record of delay may be established by a plaintiff's failure to *timely* respond to discovery requests or a motion to dismiss or a plaintiff's significant *delay* in commencing discovery. *Holder*, 54 So. 3d at 197 (¶19). Here, Paulk never responded to the defendants'

discovery requests or motion to dismiss and never pursued discovery. Finally, we note that the Supreme Court has held that "the fact that a plaintiff's sole activity was reactionary"—i.e., in response to a motion to dismiss—also "support[s] a finding of a clear record of delay." *Hillman v. Weatherly*, 14 So. 3d 721, 727 (¶21) (Miss. 2009); *accord Manning*, 138 So. 3d at 116 (¶21). Here, there was not even "reactionary" activity. Paulk did nothing in response to the motions to dismiss; her first action after filing the complaint was to file a notice of appeal, thirty days after the case had been dismissed.

¶9. On appeal, Paulk argues that the circuit court's dismissal of her case was an abuse of discretion because there are no on-the-record findings of delay, contumacious conduct, or aggravating factors. Paulk also argues that there is no record evidence of contumacious conduct or aggravating factors. Finally, the estate argues that Paulk's death excuses or justifies the delay in prosecuting the case.

¶10. Paulk never presented any of these arguments in the circuit court, so she is procedurally barred from raising them in this Court.[5] Procedural bar notwithstanding, these arguments also lack merit. No action was taken in the case for thirty-one months after it was filed. The circuit court was not required to make an on-the-record finding of that obvious and undisputed fact. Moreover, even when a circuit court does not make specific findings,

---

[5] *See Collins v. Koppers Inc.*, 59 So. 3d 582, 589 (¶20) (Miss. 2011) ("[The plaintiff] argues that dismissal was improper because the record does not reflect delay or contumacious conduct, the trial judge did not consider lesser sanctions, and no aggravating factors are present. . . . [She] never raised these arguments before the trial court, and she is therefore procedurally barred from raising them before this Court.").

6

"this Court will assume that the trial judge made all findings of fact that were necessary to support his [ruling]." *Watson v. Lillard*, 493 So. 2d 1277, 1279 (Miss. 1986).

¶11.    As to the alleged lack of evidence of contumacious conduct and aggravating circumstances, we reiterate: "'Delay *alone* may suffice' for a dismissal under Rule 41(b). 'Factors other than delay are not required.'" *Holder*, 54 So. 3d at 198 (¶20) (citation omitted) (quoting *Cox*, 976 So. 2d at 875 (¶18)).  Thus, the absence of contumacious conduct or aggravating factors would not require reversal.  But in any event, prejudice to the defendants—an aggravating factor—is evident because Paulk passed away without responding to the defendants' discovery requests, so she will be unavailable to testify at trial or in a deposition.  *See Louisville Tire Ctr.*, 204 So. 3d at 1256 (¶¶16-18) (prejudice to the defendant shown by the death of a key witness).

¶12.    As to the estate's contention that the delay following Paulk's death should not be charged against it, we first note that over fourteen months elapsed between the filing of the complaint and the date of Paulk's death.  This Court has held "that a delay of one year 'can clearly be seen as dilatory conduct.'" *Shepard v. Prairie Anesthesia Assocs.*, 86 So. 3d 922, 927 (¶21) (Miss. Ct. App. 2011) (quoting *Hasty v. Namihira*, 986 So. 2d 1036, 1040 (¶17) (Miss. Ct. App. 2008)).  Therefore, the circuit court would have been justified in dismissing the case based solely on the period of delay prior to Paulk's death.  Moreover, after Paulk's death, the burden fell to Paulk's estate to move the case forward if it desired to prosecute the claim.  The estate's failure to do so contributed to the clear record of delay in this case.

7

Finally, we find it problematic that Paulk's death was brought to the attention of this Court only because the defendants filed a suggestion of death twenty-one months after she had passed.[6] When Paulk's appellate counsel entered an appearance on her behalf and noticed an appeal, she either was unaware that her client had been dead for over a year or else failed to disclose that important fact to the circuit court and this Court. This only underscores the complete lack of attention paid to this case from its inception.

¶13. Paulk also argues that the circuit court abused its discretion by failing to make a specific finding "that lesser sanctions would not serve the interests of justice." *Holder*, 54 So. 3d at 197 (¶18). But the absence of such an express finding "does not require reversal." *Collins*, 59 So. 3d at 590 (¶25). "Although [the Supreme] Court has stated that it is 'less likely' to affirm a Rule 41(b) dismissal if the record does not reflect that the trial court considered lesser sanctions, it is clear that the ultimate decision lies with [the appellate]

---

[6] We note that the filings in this Court regarding Paulk's death do not include any documentation that an estate has been opened on behalf of Paulk. The defendants merely suggested her death, and Paulk's appellate counsel then move "to substitute the Estate of Pataelain Paulk as the Plaintiff/Appellant." The motion stated that "Paulk is now deceased" but failed to identify the administrator or executor of the estate or attach any order of a chancery court opening an estate or issuing letters of administration or testamentary. Ordinarily, if "litigants wish to pursue a claim on behalf of the estate of the deceased, such estate must, of course, be opened and administered through the chancery court." *Delta Health Grp. Inc. v. Estate of Pope ex rel. Payne*, 995 So. 2d 123, 125 (¶12) (Miss. 2008) (quoting *Long v. McKinney*, 897 So. 2d 160, 174 (¶60) (Miss. 2004)). And, ordinarily, the administrator or executor is substituted as the named plaintiff. *See* Miss. Code Ann. § 91-7-237 (Rev. 2013). We can only assume that an estate has been opened and that it has an administrator or executor, since counsel filed a motion asking that Paulk's estate be substituted. And since the Supreme Court granted that motion before the case was assigned to this Court, we proceed and decide the case on that assumption.

8

[c]ourt." *Id.*; *see Holder*, 54 So. 3d at 197 (¶19) ("[T]his Court may uphold a Rule 41(b) dismissal when there is . . . a finding by *this Court* that lesser sanctions would not serve the interest of justice." (emphasis added)). Possible "[l]esser sanctions may include 'fines, costs, or damages against [the] plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings.'" *Hanson*, 106 So. 3d at 347-48 (¶9) (quoting *Holder*, 54 So. 3d at 198 (¶32)).

¶14. This Court has no difficulty concluding that lesser sanctions would not serve the interests of justice in this case. The clerk's motion to dismiss, together with the defendants' motion to dismiss, should have served "as a warning . . . that the case needed to proceed." *Shepard*, 86 So. 3d at 928 (¶25) (quoting *Hasty*, 986 So. 2d at 1041 (¶18)). That warning went entirely unheeded, as Paulk failed to respond to either motion or even appear at the hearing on the defendants' motion. There is no reason to believe that "lesser sanctions" would be effective when the clear threat of dismissal fails to draw even a response or appearance from the plaintiff or plaintiff's counsel. Under the circumstances, lesser sanctions were not required. The circuit court did not abuse its discretion by dismissing the case. Therefore, we affirm.

¶15. **THE JUDGMENT OF THE CIRCUIT COURT OF PERRY COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR AND GREENLEE, JJ., CONCUR. WESTBROOKS, J., NOT PARTICIPATING.**

9