## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

### NO. 2015-CA-01771-COA

**ELNORA HOLMES AND IRMA VENSON**                                    **APPELLANTS**

**v.**

**TERESA GRISBY**                                                                        **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 10/27/2015 |
| TRIAL JUDGE: | HON. JOHNNIE E. WALLS JR. |
| COURT FROM WHICH APPEALED: | TUNICA COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | CHARLES M. MERKEL JR. |
| | CORRIE SCHULER |
| ATTORNEYS FOR APPELLEE: | GOODLOE TANKERSLEY LEWIS |
| | AMANDA POVALL TAILYOUR |
| | HAL SCOT SPRAGINS JR. |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| TRIAL COURT DISPOSITION: | DISMISSED CASE FOR FAILURE TO PROSECUTE |
| DISPOSITION: | AFFIRMED - 06/27/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., CARLTON AND WESTBROOKS, JJ.**

**WESTBROOKS, J., FOR THE COURT:**

¶1.     Elnora Holmes and Irma Venson appeal the involuntary dismissal of their civil action for failure to prosecute, pursuant to Mississippi Rule of Civil Procedure 41(b). Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     On or about January 28, 2010, Holmes, Venson, and Irma White[1] were traveling south

---

[1] White was a third plaintiff to the original cause of action. She missed her discovery deadlines and failed to appear during her depositions, both in person and telephonically. White was eventually dismissed from the cause of action for failure to comply with discovery. She passed away shortly thereafter.

on U.S. Highway 61. They were stopped at a red light when Teresa Grisby allegedly rear-ended their vehicle. Holmes and Venson were residents of Rapids Parish, Louisiana, when the accident occurred. On July 7, 2011, they filed a personal-injury civil suit in the Tunica County Circuit Court.

¶3. Holmes and Venson were represented by attorneys Jeremy P. Diamond and Timothy Blalock. On August 8, 2011, Grisby filed her answer to Holmes and Venson's complaint, and propounded written discovery to them. One hundred and thirty-nine days after responses to Grisby's discovery were due, Grisby's trial counsel sent Holmes and Venson a good-faith letter, because their responses to Grisby's discovery were incomplete. On November 14, 2011, Grisby filed a motion to compel responses to her written discovery requests. On December 8, 2011, Grisby noticed the depositions of Holmes and Venson, to be held in Greenville, Mississippi. The depositions were scheduled for January 5, 2012.

¶4. On January 13, 2012, Grisby renoticed the depositions for February 9, 2012, to be held in Greenville, Mississippi. On January 23, 2012, Grisby filed a second renotice of depositions for Holmes and Venson, changing the location of the February 9, 2012 depositions from Greenville to Oxford, Mississippi. The deposition of both Homes and Venson took place on February 9, 2012, in Oxford, Mississippi.

¶5. Following Holmes's and Venson's depositions, Grisby noticed and set the case for trial for December 4, 2013. On October 21, 2013, the trial court entered an agreed order to continue the trial from December 4, 2013, to an undetermined date. Following that continuance, no other documents were filed, and a new trial date was never set. On

December 31, 2014, Grisby filed a motion to dismiss for want of prosecution pursuant to Rule 41(b). Holmes and Venson's counsel, Diamond and Blalock, did not file a response in opposition to Grisby's motion. Instead, Holmes and Venson retained Charles M. Merkel Jr. as new counsel. Diamond and Blalock neither filed a motion to withdraw from the matter nor obtained an order from the trial court allowing them to withdraw.

¶6. Merkel filed an entry of appearance on behalf of Holmes and Venson on February 25, 2015, two months after Grisby filed her motion to dismiss for want of prosecution. On March 4, 2015, Merkel filed a motion in opposition to Grisby's motion to dismiss for want of prosecution. On March 25, 2015, Grisby filed a notice of hearing on her motion to dismiss for failure to prosecute. The hearing was set for July 8, 2015. On April 1, 2015, Holmes and Venson noticed the deposition of Grisby for April 10, 2015, at her trial counsel's office. Grisby's deposition was taken on April 10, 2015. On August 13, 2015, Grisby filed a second renotice of hearing on her motion to dismiss for failure to prosecute, resetting the hearing for September 29, 2015.

¶7. A hearing in chambers was had on the scheduled date. On October 27, 2015, the trial court entered an order granting Grisby's motion to dismiss for failure to prosecute with prejudice. Holmes and Venson now appeal the involuntary dismissal of their claim, on two grounds: (1) their conduct does not illustrate a clear record of delay, nor was it contumacious; and (2) the trial court made no finding whether lesser sanctions would better serve the interests of justice. We find that the trial court did not abuse its discretion in dismissing Holmes and Venson's case for failure to prosecute. Finding no error, we affirm.

3

## STANDARD OF REVIEW

¶8.     "We employ an abuse-of-discretion standard when reviewing a trial court's dismissal for failure to prosecute pursuant to Rule 41(b)." *Holder v. Orange Grove Med. Specialities P.A.,* 54 So. 3d 192, 196 (¶16) (Miss. 2010) (citing *Am. Tel. & Tel. v. Days Inn of Winona*, 720 So. 2d 178, 180 (Miss. 1998)). "Because the law favors a trial of the issues on the merits, a dismissal for lack of prosecution is employed reluctantly." *Id.* (citing *Miss. Dep't of Human Servs. v. Guidry*, 830 So. 2d 628, 632 (Miss. 2002)).

¶9.     "The power to dismiss for failure to prosecute is an inherent power in any court of law or equity and has been regarded as a means necessary to control the court's docket and promote the orderly expedition of justice." *Hensarling v. Holly,* 972 So. 2d 716, 719-20 (¶7) (Miss. Ct. App. 2007) (citing *Watson v. Lillard*, 493 So. 2d 1277, 1278 (Miss. 1986)). We are mindful of the fact that "dismissal with prejudice is an extreme and harsh sanction that deprives a litigant of the opportunity to pursue his claim, and any dismissals with prejudice are reserved for the most egregious cases." *Wallace v. Jones*, 572 So. 2d 371, 376 (Miss. 1990) (citing *Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982)). "What constitutes failure to prosecute depends on the facts of the particular case." *Id.*

¶10.    In analyzing the dismissal of a case pursuant to Rule 41(b), the Court first looks to see if there is "a record of dilatory or contumacious conduct by the plaintiff[.]" *State ex rel. Hood v. Louisville Tire Ctr. Inc.,* 204 So. 3d 1250, 124 (¶9) (Miss. 2016) (citing *Holder*, 54 So. 3d at 197 (¶18)). "Then, the Court determines if lesser sanctions other than dismissal would better serve the interests of justice." *Id.* "The Court also may consider aggravating

4

factors or actual prejudice to the defendant, and the presence of the factors or prejudice, though not necessary, may strengthen a case for dismissal." *Id.*

## DISCUSSION

¶11. Holmes and Venson contend that the delay in the prosecution of their matter did not amount to a contumacious action since they had to hire new counsel to continue the prosecution of their case. Holmes and Venson argue that they should have received lesser sanctions in lieu of dismissal. Grisby argues that Holmes and Venson's year-long hiatus from the prosecution of their action constitutes a contumacious act. As a result, Grisby maintains that an involuntary dismissal was the appropriate action for Holmes and Venson's unreasonable delay in the prosecution of their case.

¶12. Grisby also asserts that this court should not consider if lesser sanctions were more appropriate than dismissal, since Holmes and Venson's new counsel did not raise the matter of lesser sanctions during the hearing on the motion to dismiss. "In order to assign error on appeal, the issue must be raised at the trial level or it is waived." *Raines v. Bottrell Ins. Agency Inc.*, 992 So. 2d 642, 647 (¶18) (Miss. Ct. App. 2008). Nevertheless, we will consider the matter of lesser sanctions, as it is necessary to analyze whether lesser sanctions in lieu of dismissal under Rule 41(b) would better serve the interests of justice.

    **I.**    **Whether the trial court abused its discretion in dismissing the action pursuant to Rule 41(b).**

¶13. The power to dismiss for failure to prosecute is granted not only by Rule 41(b), but is part of a trial court's inherent authority and is necessary for the orderly expedition of justice and the court's control of its own docket. *Cox v. Cox*, 976 So. 2d 869, 874 (¶13)

(Miss. 2008) (quotations omitted). Because the law favors a trial of the issues on the merits, a dismissal for lack of prosecution is employed reluctantly. *Holder*, 54 So. 3d at 196 (¶16). Holmes and Venson are residents of another state. They hired in-state counsel to pursue their cause of action; yet they failed to meet discovery deadlines or appear at depositions, and allowed their claim to lie dormant for more than a year. Holmes and Venson assert that their former attorneys, Diamond and Blalock, failed to adequately pursue the matter, which resulted in the delay in the prosecution of their case.

¶14.    Holmes and Venson cite Diamond's and Blalock's failure to withdraw from this matter  as evidence that they were not responsible for the delay in the prosecution of their case. It should be noted that the record does not reflect that Diamond and Blalock withdrew from the case, nor does the record reflect that an order was signed terminating their representation of Holmes and Venson.  After careful consideration of the facts and circumstances, and in the interests of justice, we find that Holmes's and Venson's actions were dilatory and contumacious.

¶15.    Holmes and Venson did not take action in their matter until Grisby filed a motion to dismiss. Prior to that motion, Holmes and Venson's matter lingered on the trial court's docket for more than a year. Holmes and Venson contend that they were seeking new counsel while their matter lay dormant. However, that does not relinquish the duty to prosecute their case.

¶16.    At the hearing on the motion to dismiss, Grisby's counsel asserted that Holmes and Venson's actions hindered the prosecution of their claim. Holmes and Venson failed to reply

to discovery in a timely fashion. One hundred and thirty-nine days after responses to Grisby's discovery were due, Grisby's trial counsel had to send Holmes and Venson another good-faith letter, because their responses to Grisby's discovery were incomplete. Grisby's counsel highlighted the fact that Holmes and Venson failed to appear for their depositions in Greenville, resulting in the depositions being moved to Oxford. Holmes and Venson maintain that since they were sanctioned for failing to appear at the deposition, and the discovery matters were resolved prior to the hearing, their actions do not rise to the level of dilatory and contumacious.

¶17. Grisby argues that the failure to appear at the scheduled deposition and the delay in responding to discovery requests do not necessarily equate to dilatory and contumacious conduct. Instead, Grisby asserts that they are aggravating factors that warrant dismissal of the claim when considered in conjunction with the unjustified delay in setting the matter for trial. We agree that the discovery violations alone would not rise to the level of dilatory and contumacious conduct; nevertheless, we also find that the violations coupled with the unjustifiable delay in setting the matter for trial were dilatory and contumacious.

¶18. Holmes and Venson argue that there is no set time limit on the prosecution of their claims, and they assert that their conduct does not fall within the most-egregious-cases category that warrants dismissal pursuant to Rule 41(b). The Mississippi Supreme Court has articulated that "[t]here is no set time limit for the prosecution of an action[.]" *Am. Tel. & Tel. Co.*, 720 So. 2d at 180 (¶12). However, the Supreme Court has previously upheld a dismissal of a case for failure to prosecute under Rule 41(b) where the case had remained

7

stale for more than a year. *Manning v. King's Daughters Med. Ctr.*, 138 So. 3d 109, 117 (¶24) (Miss. 2014).

> II. **Whether the trial court abused its discretion in dismissing the cause of action where there was no finding whether lesser sanctions may have better served the interests of justice.**

¶19. Holmes and Venson assert that the trial court abused its discretion when it failed to make a finding on whether lesser sanctions may better serve the interests of justice. Holmes and Venson argue that the record contains absolutely no indication that lesser sanctions were considered by the trial judge before he dismissed their case with prejudice. After review of the record, we agree that the trial court did not make a finding regarding lesser sanctions. Nevertheless, we do not find this to be an abuse of discretion.

¶20. The Supreme Court has held that "in determining whether the trial court abused its discretion when dismissing a case pursuant to Rule 41(b), [the appellate court] must consider whether lesser sanctions would better serve the interests of justice." *Manning*, 138 So. 3d at 117-18 (¶27). "Lesser sanctions include 'fines, costs, or damages against the plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings." *Id*. "[W]here there is no indication that the lower court considered any alternative sanctions to expedite the proceedings, appellate courts are less likely to uphold a Rule 41(b) dismissal." *Id*. However, the court has also held that the fact that the record does not reflect an express finding on lesser sanctions does not alone require reversal. *Collins v. Koppers Inc.*, 59 So. 3d 582, 590 (¶22) (Miss. 2011).

**CONCLUSION**

8

¶21. We find that the trial did not abuse its discretion in dismissing Holmes and Venson's claim for want of prosecution, as the year delay in the prosecution of their matter was not justifiable.

¶22. **THE JUDGMENT OF THE TUNICA COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, CARLTON, FAIR, WILSON AND GREENLEE, JJ., CONCUR. BARNES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**