# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CA-00464-COA

**RUSSELL GAILLARD**                                                            **APPELLANT**

**v.**

**REA BROTHERS' AUCTIONS, INC.**                                             **APPELLEE**

DATE OF JUDGMENT:                08/13/2015
TRIAL JUDGE:                     HON. JOHN HUEY EMFINGER
COURT FROM WHICH APPEALED:       RANKIN COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANT:         MARC E. BRAND
                                 JAMES W. NOBLES JR.
                                 JOHN DAVID SANFORD
                                 BRETT RAY KOEHN
ATTORNEYS FOR APPELLEE:          JOE S. DEATON III
                                 MICHAEL CHAD MOORE
NATURE OF THE CASE:              CIVIL - PERSONAL INJURY
TRIAL COURT DISPOSITION:         DISMISSED APPELLANT'S COMPLAINT
                                 WITH PREJUDICE
DISPOSITION:                     AFFIRMED - 06/20/2017
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

EN BANC.

CARLTON, J., FOR THE COURT:

¶1.     Pursuant to Rule 41(b) of the Mississippi Rules of Civil Procedure, the Rankin County

Circuit Court dismissed with prejudice Russell Gaillard's complaint against Rea Brothers'

Auctions Inc. ("Rea Brothers") due to Gaillard's failure to prosecute. Gaillard appeals the

dismissal and argues the circuit court abused its discretion for the following reasons: (1) the

record fails to reflect a clear delay attributable to him; (2) even if he contributed to a delay,

the circuit court should have applied a lesser sanction; and (3) the record fails to reflect any

aggravating factors.

¶2. Finding no abuse of discretion, we affirm the circuit court's dismissal with prejudice of Gaillard's complaint for failure to prosecute.[1]

**FACTS**

¶3. On March 16, 2009, Gaillard filed a complaint for damages against Rea Brothers in the County Court of Rankin County. Gaillard alleged that, while attending an auction on Rea Brothers' premises on September 26, 2006, a vehicle driven by a Rea Brothers' employee struck and injured him. The trial docket indicates that, for the remainder of 2009, Rea Brothers alone filed documents relevant to Gaillard's cause of action. In April 2009, Rea Brothers filed its answer and affirmative defenses to Gaillard's complaint and propounded discovery requests to Gaillard. Then, on November 19, 2009, Rea Brothers filed a motion to compel Gaillard's discovery responses. Attached to its motion to compel, Rea Brothers included a copy of correspondence between the parties' attorneys, which indicated that Gaillard had so far failed to respond to Rea Brothers' April 2009 discovery requests. On December 4, 2009, the county court entered an agreed order granting Rea Brothers' motion to compel Gaillard's discovery responses.

¶4. In January 2010, Gaillard responded to Rea Brothers' discovery requests. He then propounded his own discovery requests in February 2010 and noticed the deposition of

---

[1] *See Holder v. Orange Grove Med. Specialties P.A.*, 54 So. 3d 192, 196 (¶16) (Miss. 2010) (applying an abuse-of-discretion standard of review to a Rule 41(b) dismissal).

Kenny Rea in July 2010. Almost a year later, on August 16, 2011, Gaillard filed a motion to amend his complaint and to transfer the case to circuit court. The county court granted Gaillard's motion on December 16, 2011.

¶5. On January 6, 2012, the circuit court entered an agreed scheduling order. On February 1, 2012, Gaillard designated his experts. He then filed a notice of deposition for his treating physician, Dr. Stanton Ward, on June 5, 2012. On July 19, 2012, Gaillard filed a response to Rea Brothers' motion to compel him to submit to an independent medical exam.

¶6. Pursuant to a January 2013 order by the circuit court, the parties unsuccessfully participated in a mediation conference on April 4, 2013. Rea Brothers filed a supplemental designation of an expert witness on May 1, 2013. Rea Brothers then filed a motion to strike and/or exclude the testimony of Gaillard's expert, Dr. Ward, on August 2, 2013. On November 22, 2013, Gaillard filed a response to the motion to strike and/or exclude Dr. Ward's opinions.

¶7. Over a year later, on January 16, 2015, Rea Brothers filed its motion to dismiss Gaillard's complaint pursuant to Rule 41(b) for failure to prosecute. On the same day, Gaillard filed a motion to set the case for trial. Following two hearings in August 2015, the circuit court entered orders disposing of the parties' motions. By its August 11, 2015 order, the circuit court denied Rea Brothers' motion to strike and/or exclude Dr. Ward's testimony. However, by a subsequent order entered August 13, 2015, the circuit court granted Rea Brothers' motion to dismiss Gaillard's complaint for failure to prosecute. Following the

3

circuit court's dismissal with prejudice of his complaint, Gaillard filed an unsuccessful motion to reconsider. Aggrieved by the circuit court's judgment, Gaillard appeals.

## STANDARD OF REVIEW

¶8.    A trial court may dismiss an action due to the plaintiff's failure to prosecute. M.R.C.P. 41(b). However, "[b]ecause the law favors a trial of the issues on the merits, a dismissal for lack of prosecution is employed reluctantly." *Holder*, 54 So. 3d at 196 (¶16) (quoting *Miss. Dep't of Human Servs. v. Guidry*, 830 So. 2d 628, 632 (¶13) (Miss. 2002)). This Court reviews a Rule 41(b) dismissal for abuse of discretion, and we affirm when the following factors exist:  "(1) a record of dilatory or contumacious conduct by the plaintiff; and (2) a finding by [an appellate court] that lesser sanctions would not serve the interests of justice. Additional 'aggravating factors' or actual prejudice may bolster the case for dismissal, but are not requirements." *Id.* at 196-97 (¶¶16, 18).

## DISCUSSION

¶9.    As previously stated, Gaillard argues on appeal that the circuit court erroneously dismissed his complaint for the following reasons:  (1) the record fails to reflect a clear delay attributable to him; (2) even if he contributed to a delay, the circuit court should have applied a lesser sanction; and (3) the record fails to reflect any aggravating factors. *See id.* at 197 (¶18).

¶10.   While admitting that a delay occurred in this case, Gaillard contends that (1) he was not solely responsible for the delay, (2) the circuit court erroneously attributed the delay to

him alone, and (3) the length of the delay was short when compared to other cases where the appellate courts have affirmed a Rule 41(b) dismissal. Gaillard asserts that both parties contributed to the delay by engaging in discovery throughout the proceedings, agreeing to the amended scheduling orders, and participating in mediation. Gaillard further argues that, after mediation proved unsuccessful, Rea Brothers extended the delay by failing to notice for hearing its motion to exclude and/or strike Dr. Ward's testimony. In addition, Gaillard asserts that the circuit court never ruled on Rea Brothers' motion to exclude Dr. Ward's testimony and that the court erroneously counted against him Rea Brothers' delay in bringing the motion. Moreover, Gaillard claims he was the one who finally acted to end the delay by filing his motion to set the case for trial.

¶11. Relevant to the issue presented in this case, the Mississippi Supreme Court has stated:

> In analyzing the dismissal of a case pursuant to Rule 41(b), the [appellate c]ourt first looks to see if there is a record of dilatory or contumacious conduct by the plaintiff. Then, the [appellate c]ourt determines if lesser sanctions other than dismissal would better serve the interests of justice. The [appellate c]ourt also may consider aggravating factors or actual prejudice to the defendant, and the presence of the factors or prejudice, though not necessary, may strengthen a case for dismissal.

*State ex rel. Hood v. Louisville Tire Ctr. Inc.*, 204 So. 3d 1250, 1254 (¶9) (Miss. 2016) (internal citations, quotation marks, and footnote omitted).

¶12. In the present case, the circuit court held an August 4, 2015 hearing on Rea Brothers' motion to strike and/or exclude Dr. Ward's testimony and its motion to dismiss Gaillard's complaint. During the hearing, Gaillard's attorney agreed with the court that, except for the

5

disposition of Rea Brothers' motion to strike and/or exclude Dr. Ward's testimony, the case had been ready for trial for over two years since June 2013. Gaillard's attorney also agreed with the court's assessment that nothing had prevented the plaintiff (Gaillard) from taking further action to prosecute the proceedings, such as filing a motion to set the matter for trial.

¶13. At a second hearing on August 11, 2015, the circuit court entered a bench ruling granting Rea Brothers' motion to dismiss for failure to prosecute. In so doing, the court found that, after Gaillard filed his complaint in March 2009, he took no other affirmative action of record that year to prosecute the case. The circuit court also noted that, in December 2009, the county court entered an agreed order granting Rea Brothers' motion to compel Gaillard's discovery responses. As a result, the circuit court determined "there was delay during 2009 to the extent that a motion to compel was granted."

¶14. The circuit court next acknowledged that, in 2010, Gaillard filed his responses to Rea Brothers' discovery requests, served his own discovery requests on Rea Brothers, and noticed his intent to take a deposition. However, even assuming that the scheduled deposition took place in July 2010, the court found the record contained "no other affirmative act of [Gaillard] advancing this case . . . after July . . . 2010." In fact, the circuit court concluded that Gaillard took no further affirmative action in the case until over a year later in August 2011, when he filed a motion to amend the complaint and transfer the matter to circuit court. As a result, the circuit court attributed a year-long delay to Gaillard.

¶15. The circuit court then found that, the following year, Gaillard designated his experts

6

in February 2012 and noticed his intent in June 2012 to depose Dr. Ward. Although the parties thereafter agreed to several amended scheduling orders during 2012, and although Gaillard filed a responsive pleading to one of Rea Brothers' motions, the circuit court determined that the February and June 2012 filings were the only affirmative steps Gaillard took during 2012 to move the case forward.

¶16. As for 2013, the circuit court noted that the parties unsuccessfully attempted mediation. After an April 2013 letter informing the court that mediation had failed, however, the circuit court found that the record contained no other evidence of an affirmative act by Gaillard during 2013, although Gaillard did file a November 2013 response to Rea Brothers' motion to strike and/or exclude Dr. Ward's testimony. The circuit court further determined that no evidence existed to show that Gaillard took any affirmative action to prosecute the case in 2014. In January 2015, Rea Brothers filed its motion to dismiss Gaillard's complaint.

¶17. Based on its review of the record, the circuit court stated during the August 4, 2015 hearing that, between the time mediation failed in April 2013 and Rea Brothers filed its motion to dismiss in January 2015, almost two additional years passed without Gaillard taking any affirmative action to advance prosecution of the case. The court further stated during the August 4, 2015 hearing that, after reading caselaw, it found the argument by Gaillard's attorney that he was "waiting to find out whether . . . [Rea Brothers] was going to call up [its] motion to strike" to be an insufficient and unreasonable excuse for the nearly two-year delay.

¶18. As Mississippi caselaw establishes, "[a] showing of delay or contumacious conduct is sufficient for a Rule 41(b) dismissal when a lesser sanction would not serve the best interests of justice." *Holder*, 54 So. 3d at 198 (¶20) (citation omitted). The record here reflects sufficient evidence to support the circuit court's finding that Gaillard engaged in "dilatory conduct" that warranted the Rule 41(b) dismissal of his complaint rather than the application of a lesser sanction. *See id.* at 197 (¶17); *see also State ex rel. Hood*, 204 So. 3d at 1255-56 (¶15) (finding no abuse of discretion from the chancellor's determination that lesser sanctions were insufficient where the chancellor heard oral argument on the issue and considered lesser sanctions in making his decision).

¶19. Even though the parties agreed to multiple amended scheduling orders and participated in mediation, the record clearly reflects several long periods of time between the March 2009 filing of the complaint and the January 2015 dismissal of the case where Gaillard took little or no affirmative action to advance the prosecution of the matter. Furthermore, the record demonstrates that Gaillard not only delayed responding to Rea Brothers' discovery requests to the extent that the county court granted Rea Brothers' motion to compel, but also that much of Gaillard's activity was reactionary—i.e., in response to motions filed by Rea Brothers. *See Estate of Paulk v. Lott*, No. 2015-CA-01144-COA, 2017 WL 413079, at *3 (Miss. Ct. App. Jan. 31, 2017) (recognizing that a plaintiff's failure to timely respond to discovery requests and his reactionary activity can support a clear record of delay). We therefore find no abuse of discretion from the circuit court's dismissal of

Gaillard's complaint for failure to prosecute. *See Holder*, 54 So. 3d at 196 (¶16).

¶20. **THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, FAIR, WILSON AND WESTBROOKS, JJ., CONCUR. IRVING, P.J., AND GREENLEE, J., DISSENT WITHOUT SEPARATE WRITTEN OPINION.**